[No. 34116-2-I. Division One. May 1, 1995.]

CALVIN KUHLMAN, *Appellant,* v. HARRY THOMAS, ET AL., *Respondents.*

*Norm Cohen*, for appellant.

*Sheryl Willert* and *Mary Spillane*, for respondents.

COLEMAN, J. — Calvin Kuhlman appeals the trial court's order of summary judgment, dismissing his complaint against various Seattle Housing Authority (SHA) officers and employees. He argues that the trial court erred by dismissing his lawsuit because the defendants did not carry their burden of proving that either res judicata or collateral estoppel applied. We affirm.

# I

## FACTS

In July 1992, SHA disciplined two of its employees, Ku-

hlman and Ernest Huertes, for allegedly harassing their female co-workers. Kuhlman responded by filing two lawsuits in King County Superior Court. In the first suit (*Kuhlman* I), Kuhlman named SHA as the only defendant. He claimed that SHA's disciplinary procedure violated his right to due process under both the state and federal constitutions and that SHA had wrongfully breached his employment contract and deprived him of wages. Kuhlman also prayed for a declaration that the employees' reports of sexual harassment were false.

In the second suit (*Kuhlman* II), Kuhlman named various SHA officers and employees as defendants and, as in *Kuhlman* I, complained that they had violated his right to due process under both the state and federal constitutions. Kuhlman additionally claimed that the defendants had defamed him and wrongfully interfered with his business relationship.

SHA subsequently removed *Kuhlman* I to the United States District Court for the Western District of Washington. The case was assigned to the Honorable John C. Coughenour and consolidated with a suit filed by Huertes.[1] The defendants in *Kuhlman* II similarly removed that case to the United States District Court for the Western District of Washington. The case was assigned to the Honorable Barbara J. Rothstein. The defendants thereafter filed a motion to transfer *Kuhlman* II to Judge Coughenour and to consolidate with *Kuhlman* I and the suit filed by Huertes. However, before the motion could be heard, Kuhlman voluntarily dismissed *Kuhlman* II. Accordingly, Judge Rothstein struck defendants' motion to transfer/consolidate as moot.

Several months after taking a voluntary dismissal in

---

[1]In his complaint, Huertes named SHA and a number of SHA employees. He complained that the defendants had violated his right to due process under both the state and federal constitutions, and he asserted a number of tort claims, including defamation. All of his claims were dismissed on summary judgment.

*Kuhlman* II, Kuhlman served the *Kuhlman* II defendants with a third complaint (*Kuhlman* III) filed in King County Superior Court. This complaint is virtually identical to the complaints in both *Kuhlman* I and *Kuhlman* II, alleging a due process violation, defamation, and wrongful interference. The only substantive difference between the complaints is that the due process violation is based solely on the Washington Constitution.

In June 1993, the defendants removed *Kuhlman* III to federal court and entered a motion to consolidate with *Kuhlman* I. However, before the motion could be heard, Judge Coughenour had granted SHA's summary judgment motion to dismiss *Kuhlman* I with prejudice, finding that SHA had not deprived Kuhlman of his right to due process.[2] Therefore, because *Kuhlman* III contained no independent questions of federal law, Judge Coughenour remanded *Kuhlman* III to the King County Superior Court. A King County trial judge, in turn, granted defendants' summary judgment motion to dismiss *Kuhlman* III on the basis of res judicata and/or collateral estoppel. Kuhlman appeals.

## II

### STANDARD OF REVIEW

 When reviewing an order of summary judgment, the appellate court must engage in the same inquiry as the trial court. *Marincovich v. Tarabochia*, 114 Wn.2d 271, 274, 787 P.2d 562 (1990) (citing *Highline Sch. Dist. 401 v. Port of Seattle*, 87 Wn.2d 6, 15, 548 P.2d 1085 (1976)). An order of summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Marincovich*, 114 Wn.2d at 274 (citing *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982)). The court must consider the facts in the light most favorable to the nonmoving party, and the mo-

---

[2]The Ninth Circuit subsequently affirmed Judge Coughenour's dismissal of *Kuhlman* I in an unpublished opinion. *Kuhlman v. Seattle Hous. Auth.*, No. 93-35714 (9th Cir. 1994).

tion should be granted only if, from all the evidence, reasonable persons could reach but one conclusion. *Marincovich*, 114 Wn.2d at 274 (citing *Wilson*, 98 Wn.2d at 437).

## III

### RES JUDICATA

Under this standard of review, the sole issue that we must decide on appeal is whether the trial court erred, as a matter of law, by granting Defendants' summary judgment motion to dismiss *Kuhlman* III on the basis of res judicata. We find that it did not.

 Under the doctrine of res judicata, a plaintiff is barred from litigating claims that either were, or should have been, litigated in a former action. *Schoeman v. New York Life*, 106 Wn.2d 855, 859, 726 P.2d 1 (1986) (quoting *Meder v. CCME Corp.*, 7 Wn. App. 801, 804-05, 502 P.2d 1252 (1972), *review denied*, 81 Wn.2d 1011 (1973)). The purpose of this doctrine is to eliminate duplicitous litigation (i.e., the splitting of claims) and yet allow a party to litigate matters not properly included in the former action. *Schoeman*, 106 Wn.2d at 859 (quoting *Meder*, 7 Wn. App. at 804-05). Accordingly, dismissal on the basis of res judicata is appropriate in cases where the moving party proves a concurrence of identity between the two actions in four respects: (1) persons and parties; (2) cause of action; (3) subject matter; and (4) the quality of the persons for or against whom the claim is made. *Schoeman*, 106 Wn.2d at 858 (citing *Norco Constr., Inc. v. King County*, 106 Wn.2d 290, 721 P.2d 511 (1986)).[3] Only the first three elements are at issue in this case.

---

[3]Defendants contend that this court must apply the federal test for determining res judicata, rather than the Washington test, because the former action was a federal court judgment. Under the federal test for res judicata, the following elements must be proved: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties. *Blonder-Tongue Lab. v. University of Illinois Found.*, 402 U.S. 313, 323-24, 91 S. Ct. 1434, 28 L. Ed. 2d 788 (1971). We find, however, that under either test, the result in this case would remain the same. Therefore, we simply apply the Washington test and do not reach the issue.

## A
## Same Parties

Kuhlman first contends that res judicata does not apply because the parties in each suit are not identical. In particular, he points to the fact that SHA was the only named defendant in *Kuhlman* I and that SHA employees and officials were the only named defendants in *Kuhlman* III. As SHA points out, however, courts, as a rule, view different defendants between suits as the same party as long as they are in privity. *See Woodley v. Myers Capital Corp.*, 67 Wn. App. 328, 337, 835 P.2d 239 (1992), *review denied*, 121 Wn.2d 1003 (1993). In this regard, a number of federal circuits have concluded that, in general, the employer/employee relationship is sufficient to establish privity. The Fifth Circuit stated as follows in *Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1288 (5th Cir. 1989), *cert. denied*, 113 S. Ct. 186 (1992):

> Most other federal circuits have concluded that employer-employee or principal-agent relationships may ground a claim preclusion defense, regardless which party to the relationship was first sued. The doctrinal basis for these decisions has varied according to their fidelity to traditional mutuality or privity concepts, but they share a common practical thread. Where a plaintiff has sued parties in serial litigation over the same transaction; where plaintiff chose the original forum and had the opportunity to raise all its claims relating to the disputed transaction in the first action; where there was a "special relationship" between the defendants in each action, if not complete identity of parties; and where although the prior action was concluded, the plaintiff's later suit continued to seek essentially similar relief—the courts have denied the plaintiff a second bite at the apple.

(Citations omitted.)

Here, there is no question that the named defendants between the two proceedings are different. Nevertheless, based upon the nature of the relationship between the defendants in *Kuhlman* I and *Kuhlman* III and the nature of Kuhlman's claims, we find that there was privity between the parties. SHA's liability in the first complaint,

*Kuhlman* I, was premised entirely on the actions of its employees. In particular, Kuhlman specifically complained that the employees' accusations were false and that, as a consequence, SHA officials had wrongfully suspended and demoted him. The suit against SHA was therefore essentially a suit against its employees. That is to say, whether SHA violated Kuhlman's rights turned on the propriety of its employees' conduct. Having defended that suit, SHA essentially acted as their representative, protecting their interests in the first suit. *See Woodley*, 67 Wn. App. at 337 (stating that a nonparty is in privity with a party for res judicata purposes if the party adequately represented the nonparty's interests in prior proceeding) (citing *Latham v. Wells Fargo Bank*, 896 F.2d 979, 983 (5th Cir. 1990)). Under these circumstances, the parties must therefore be viewed as sufficiently the same, if not identical.

## B

### Same Cause of Action

█ While there is no specific test for determining identity of causes of action, the following criteria should be considered:

> (1) [w]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Rains v. State*, 100 Wn.2d 660, 664, 674 P.2d 165 (1983) (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir.), *cert. denied*, 103 S. Ct. 570 (1982)).[4]

Here, all of the criteria are satisfied. First, it is clear

---

[4]*See also Mellor v. Chamberlin*, 100 Wn.2d 643, 646, 673 P.2d 610 (1983) (stating that a claim is the same if a common primary right is violated by the same wrong in both actions or the evidence between the suits is identical) (quoting 2 Lewis H. Orland, Wash. Prac., *Trial Practice* § 360, at 400-01 (3d ed. 1972)).

that *Kuhlman* I and *Kuhlman* III arise out of the same transactional nucleus of facts. In particular, the basis for both suits is predicated on employee reports of sexual harassment and Kuhlman's subsequent suspension and demotion. Second, the evidence needed to support each action is identical. Indeed, Kuhlman has not set forth any facts in *Kuhlman* III that differ from *Kuhlman* I. Third, both suits allege infringement of the same rights: the right not to be deprived of due process and the right not to be adversely affected by false allegations of sexual harassment. Fourth, the rights established in *Kuhlman* I would be impaired by a judgment in *Kuhlman* III. Specifically, the judgment in *Kuhlman* I determined the following: (1) Kuhlman's constitutional rights were not impaired; (2) Kuhlman did not set forth sufficient evidence to show that the employees' allegations were false;[5] and (3) Kuhlman's breach of contract claim "withered away" in light of a finding that his due process rights had not been violated. Clearly, a judgment to the contrary on Kuhlman's state due process and defamation claims in *Kuhlman* III would impair the first two rights established in *Kuhlman* I. That being so, a judgment in favor of Kuhlman on his wrongful interference claim would likewise impair those rights. In particular, Kuhlman's wrongful interference claim is premised on the basis that defendants interfered with his business relationship by making false allegations. Because the court determined in the prior proceeding that Kuhlman had not been wrongfully disciplined and that he had not succeeded in proving that the statements were false, a finding that the employees had interfered with his employment relationship could not be established without impairing the judgment in *Kuhlman* I. Thus, under the app-

---

[5]While Kuhlman did not specifically plead defamation in *Kuhlman* I, the record reflects that he consistently argued that the statements were false and that the district court, therefore, treated Kuhlman's case as if he had pleaded defamation. In particular, there is a minute order dismissing Kuhlman's claim of defamation and the district court states in its order of summary judgment that it dismissed Kuhlman's defamation claim.

licable criteria, the same cause of action requirement is also satisfied in this case.

## C

### Subject Matter

Finally, Kuhlman contends that res judicata does not apply because the subject matter between the two suits is not the same. In particular, he argues that his due process and breach of contract claims in *Kuhlman* I are wholly unrelated to his tort claims for defamation and wrongful interference in *Kuhlman* III. We find that while the claims are stated differently, both suits nevertheless involve the same subject matter. Specifically, in both suits Kuhlman alleges a deprivation of a constitutional right and tortious harm resulting from false allegations.

Moreover, while the claims are differently stated in the second action, the record reflects that they were nevertheless actually litigated or resolved in the first proceeding. First, as for Kuhlman's due process claim, the district court specifically considered and rejected an identical claim under both the federal and state constitutions. Second, as for the defamation claim, Kuhlman had the opportunity below to prove that the statements were false but failed. Allowing him to argue defamation in state court would simply require the parties to relitigate this issue. Third, as for the wrongful interference claim, the nature of defendants' conduct was essentially decided below. Again, allowing Kuhlman to argue this claim in state court would simply require the parties to relitigate the same basic issues.

Thus, we conclude that the trial court properly granted defendants' summary judgment motion to dismiss *Kuhlman* III on the basis of res judicata. Kuhlman had the opportunity to raise all of his claims below, but, as defen-

dants contend, he appears to have split his cause of action for strategic reasons.[6]

The defendants have requested fees on appeal, but we do not find the issues raised so devoid of merit as to justify an award. The request for fees is therefore denied.

The order of summary judgment is affirmed.

BAKER, A.C.J, and KENNEDY, J., concur.

Reconsideration denied June 29, 1995.

---

[6]Kuhlman's contention that res judicata does not apply against certain unrepresented Jane and John Doe defendants is without merit. Defendants' counsel appeared and answered for every defendant named or served, and the other unnamed defendants were sufficiently identified in the complaint so as to allow the trial court to determine that they were part of the same claim.