[No. 46411-6-I. Division One. June 11, 2001.]

EARL F. KNUTH, ET AL., *Appellants*, v. BENEFICIAL WASHINGTON, INC., *Respondent*.

*Roblin J. Williamson* (of *Williamson & Williams*), for appellants.

*Daniel J. Dunne, Jr.* (of *Heller Ehrman White & McAuliffe*), for respondent.

WEBSTER, J. — Earl F. Knuth and others brought a class action against Beneficial Washington, Inc. for charging a Forwarding Fee when borrowers paid off their loans. Beneficial moved for summary judgment based on a prior settlement it had reached with a class including the named plaintiffs. The trial court granted summary judgment be-

cause the prior settlement involved allegedly improper fees charged when borrowers paid off their loans and thus precluded any claim that could have been brought with that action. Knuth appeals arguing that he could not have brought such a claim in the previous action. We affirm because claim preclusion principles prevent Knuth and other class members from bringing this claim.

## FACTS

In 1996, Frederick A. Forsell brought a class action against Beneficial for charging certain fees when borrowers like himself paid off their loans. Specifically, Forsell complained that a $40 Demand Fee and a $60 Reconveyance Fee were contrary to law. He also alleged that Beneficial assessed other charges not permitted by law and defined the class broadly: "[T]he Class consists of all persons who received loans from Defendant Beneficial and who thereafter paid off said loans and were charged fees not permitted by law or agreement." Clerk's Papers (CP) at 92.

In a set of interrogatories served by Forsell, Beneficial refused to discuss fees other than the Demand Fee or the Reconveyance Fee because those were the only fees charged to Forsell:

> INTERROGATORY NO. 4: State all other fees paid to defendant by persons who paid off loans with the defendant from January 1, 1990 to the present other than interest, principal, or accrued late charges.

> ANSWER: Defendant objects to the interrogatory as overly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has no reasonable need to know what fees were paid by others if they were not fees paid by him.

CP at 183. Throughout the litigation, Beneficial provided information regarding only the Demand Fee and the Reconveyance Fee. Nonetheless, Beneficial agreed to produce a list of first mortgage loans paid off during the statute of limitations period and allowed Forsell to select 10 to 20

files from that list for inspection and copying. Beneficial also agreed to consider any other reasonable requests for inspection and copying.

During or shortly after class certification, the parties entered into a written settlement agreement that released all claims that "were or could have been asserted" against Beneficial in that class action:

> Release of Beneficial. Forsell hereby releases and forever discharges Beneficial . . . as to *any claims*, damages, liability, expense, or cost of any kind, known or unknown, *that may exist* as of the date of execution of this Agreement, and which *were or could have been asserted* in the Litigation.

CP at 41-42 (emphasis added).

The parties sent a written, court-approved notice to all class members warning that unless they completed a Request for Exclusion, the settlement would release all claims that "were or could have been alleged in the action against the Defendant." CP at 34. None of the named plaintiffs in the present action completed a Request for Exclusion. Beneficial mailed checks in the settled amount of $31.00 to all of the named plaintiffs and the remaining class members who did not opt out of the settlement agreement.

About eight months later, Knuth and the other named plaintiffs filed the present class action alleging that Beneficial improperly charged a Forwarding Fee when borrowers paid off their loans. Relying on the prior settlement, Beneficial moved for summary judgment. Although the trial court granted summary judgment in favor of Beneficial, it allowed Knuth 60 days to amend the complaint to add a plaintiff who had paid only a Forwarding Fee. Apparently, the trial court believed that the prior settlement would not preclude such a plaintiff. Knuth conceded, however, that such an amended complaint was not possible because *all* persons who had paid off their loans had paid a Reconveyance Fee. As a result, the trial court entered summary judgment and dismissed the action in its entirety. Knuth appeals.

## DISCUSSION

 Knuth argues that the trial court erred in granting summary judgment on the grounds that a prior settlement precluded the claim. We review an order of summary judgment de novo. *Kuhlman v. Thomas*, 78 Wn. App. 115, 119-20, 897 P.2d 365 (1995). Claim preclusion, traditionally known as res judicata, prohibits a party from bringing a claim already litigated or a claim that could have been litigated in a prior action. *Pederson v. Potter*, 103 Wn. App. 62, 67, 11 P.3d 833 (2000). This doctrine prevents repetitive litigation of the same matters, ensuring integrity and finality in the legal system. *Pederson*, 103 Wn. App. at 71 (citing 14 LEWIS H. ORLAND & KARL B. TEGLAND, WASHINGTON PRACTICE § 359 (1996)). A prior judgment has preclusive effect when the party moving for summary judgment in the successive proceeding proves that the two actions are identical in four respects: (1) persons and parties, (2) cause of action, (3) subject matter, and (4) the quality of the persons for or against whom the claim is made. *Kuhlman*, 78 Wn. App. at 120; Philip A. Trautman, *Claim and Issue Preclusion in Civil Litigation in Washington*, 60 WASH. L. REV. 805, 812 (1985). Knuth disputes only the first three elements.

### I

### Persons and Parties

 He asserts that while the named plaintiffs in this case were all members of the previous class action, the persons and parties are not the same because there are borrowers who paid the Forwarding Fee since the class was certified. According to the Order and Notice Certifying Class, the *previous* class consisted of all persons who paid off their loans since July 16, 1990:

> [T]he Court hereby provisionally certifies a Class comprised of all persons who obtained first mortgage loans in the State of Washington from Beneficial and, on or after July 16, 1990 to

the present paid off their loans and were charged either a "Demand Fee for Loan Payoff" or a "Recon/Release Fee" [sic].

CP at 33. The previous class included all the individual plaintiffs named in this class action. Although the present class action could *potentially* include others who have paid a Forwarding Fee since the previous class certification, it appears that counsel for the plaintiffs has failed to name a proper class representative or even name a single individual plaintiff not included in the previous class. *See* CR 23(a). Presently, the persons and parties in this class action are the same as in the last class action.

## II

### Causes of Action

■ Knuth maintains that the causes of actions are not the same. To determine whether or not the causes of action are the same, courts examine the following criteria: (1) whether the second action would impair rights or interests established in the prior judgment, (2) whether the two actions deal substantially with the same evidence, (3) whether the two suits involve an alleged infringement of the same right, and (4) whether the two suits arise out of the same transactional nucleus of facts. *Kuhlman*, 78 Wn. App. at 122.

■ First, this action would impair rights established in the prior settlement. *See Pederson*, 103 Wn. App. at 73 (settlement already established the rights and liabilities of the parties). The settlement agreement specifically released Beneficial from any claims that could have been brought by the Forsell class at the time: "Forsell hereby releases and forever discharges Beneficial . . . as to any claims . . . that may exist as of the date of the execution of this Agreement, and which were or could have been asserted in the Litigation." CP at 41-42. The notice sent to the class contained a similar release statement. This action would impair the rights acquired by Beneficial through the release provision

contained in the settlement agreement.

Second, the two actions deal substantially with the same evidence, namely the same promissory notes and other documents. Knuth now alleges that the promissory notes and other documents do not allow the Forwarding Fee charged in the loan documents. Yet, these are substantially the same documents used in the previous action to allege that the Demand Fee and the Reconveyance Fee were improper.

Third, the suit involves an alleged infringement of the same right. Both suits allege that Beneficial charged improper fees when borrowers paid off their loans. Although this suit involves the Forwarding Fee rather than the Demand Fee or the Reconveyance Fee, the theories of recovery are exactly the same—breach of contract, violation of the Consumer Protection Act, and unjust enrichment.

Finally, the suits arise out of the same transactional nucleus of facts. Both suits rely on various fees charged concurrently by Beneficial when borrowers paid off their loans. Based on the above, we conclude that the causes of actions are the same in both lawsuits.

## III

### Subject Matter

Knuth contends that the subject matter of the present lawsuit is not the same as the previous one. Yet, it is obvious that both actions involve fees charged by Beneficial that the plaintiffs allege are improper. The prior settlement disposed of these claims and released Beneficial from further liability.

### CONCLUSION

Because the named parties, the causes of action and the subject matter are the same in both lawsuits, we conclude

that the trial court properly granted summary judgment to Beneficial.

We affirm.

GROSSE and BAKER, JJ., concur.

Reconsideration denied August 23, 2001.

Review denied at 145 Wn.2d 1035 (2002).