IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DAVID M. VINES, | No. 81748-5-I |
| Appellant, | DIVISION ONE |
| v. | |
| CITY OF BLACK DIAMOND, JAMEY KIBLINGER, RYAN KELLER, MICHAEL HENRICH, and BRIAN LYNCH, | UNPUBLISHED OPINION |
| Respondents. | |

CHUN, J. — David Vines brought three lawsuits against the city of Black Diamond and individual police officers. He raised multiple claims arising from circumstances surrounding his arrest for assault in the fourth degree. Vines voluntarily dismissed his first two lawsuits. Vines now appeals the summary judgment dismissal of his third lawsuit. We conclude that res judicata bars Vines's third lawsuit and that the trial court did not deprive Vines of any due process rights. We thus affirm.

BACKGROUND

On December 21, 2018, Clyde Erickson went to the Black Diamond Police Department to report that his sister's husband, David Vines, had assaulted him. Erickson informed Officer Michael Henrich that he went to Vines's house that morning and was let in by family members. Vines came into the room and accused Erickson of damaging and stealing property. Erickson stated that when he denied the accusations, Vines punched him multiple times on the left side of

Citations and pin cites are based on the Westlaw online version of the cited material.

his head with a closed fist.  Officer Henrich observed a red mark on the left side of Erickson's face.  Erickson stated that they fell to the ground and wrestled until his sister pulled Vines off.

After obtaining a recorded statement from Erickson, Officer Henrich and two King County Sheriff's Office deputies went to look for Vines at his house.  Vines was not there.  Erickson's sister stated that an altercation had occurred, but was vague as to exactly what happened.  Officer Henrich completed a certification of probable cause.

Later that day, after reviewing the certificate of probable cause, Officer Ryan Keller and Sergeant Brian Lynch contacted Vines at his house.  Officer Keller asked Vines to step outside and to place his hands behind his back.  Vines complied.  Officer Keller handcuffed Vines and placed him under arrest.  Vines asked why he was being arrested, and they told him that it was for assaulting Erickson.  Sergeant Lynch read Vines his Miranda[1] rights and asked if he wanted to make a statement about the incident.  Vines declined.  Officer Keller issued Vines a criminal citation for assault in the fourth degree – domestic violence and booked him at the Enumclaw Jail.  Vines was released 16 hours later.  Vines's son later provided a recorded statement to police that corroborated Erickson's account.

On January 15, 2019, representing himself, Vines brought a lawsuit in King County Superior Court asserting various claims about the circumstances of his arrest.  Vines named the city of Black Diamond, City Prosecutor Ivan

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

2

Gunderson, the Black Diamond Police Department, Police Chief Jamie Kiblinger, and Officer Ryan Keller as defendants.  About two months later, the municipal court granted the City's motion to dismiss the criminal charges against Vines without prejudice "because the City is unable to proceed to trial after recent efforts to contact the victim have been unsuccessful."  On May 13, 2019, Vines moved to voluntarily dismiss his lawsuit.  The superior court dismissed the lawsuit without prejudice under CR 41 on June 18, 2019.

On July 22, 2019, representing himself, Vines brought another lawsuit again asserting various claims based on the circumstances of his arrest, including police misconduct and entrapment, illegal arrest, false imprisonment, and violation of civil rights.  The named defendants in the second lawsuit included the city of Black Diamond, Police Chief Jamie Kiblinger, and Officer Ryan Keller.  On January 8, 2020, Vines moved to voluntarily dismiss his second complaint.  The superior court dismissed the lawsuit with prejudice on February 21, 2020.  The order expressly stated that, under CR 41(a)(4), Vines's second voluntary withdrawal "acts [as] an adjudication on the merits of all of the causes of action asserted against the City of Black Diamond Defendants in the above-referenced case."

On January 10, 2020, while Vines's motion to dismiss his second lawsuit was pending, representing himself, he brought a third lawsuit based on the same allegations and circumstances as the first two lawsuits.  The third complaint named the city of Black Diamond, Police Chief Jamie Kiblinger, Officer Ryan Keller, Officer Michael Henrich, and Sergeant Brian Lynch as defendants.  The

City moved for summary judgment dismissal, arguing that CR 41(a)(4) barred all of Vines's claims and that Vines failed to raise an issue of material fact. Vines opposed the motion. On July 24, 2020, the superior court granted the City's motion based on CR 41(a)(4). Vines appeals.

## ANALYSIS

Vines says that the trial court erred in granting the City's motion for summary judgment dismissal of his third lawsuit.[2] We review an order on summary judgment de novo, performing the same inquiry as the trial court. Folsom v. Burger King, 135 Wn.2d 658, 663, 958 P.2d 301 (1998). Summary judgment is appropriate where "the pleadings, affidavits, and depositions establish that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lybbert v. Grant County, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000); CR 56(c). We construe all facts and reasonable inferences in the light most favorable to the nonmoving party to determine whether an issue of material fact exists. Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). "[S]peculation and conclusory statements will not preclude summary judgment." Volk v. DeMeerleer, 187 Wn.2d 241, 277, 386 P.3d 254 (2016). When a reasonable person could reach but one conclusion from all of the evidence, summary judgment will be affirmed. Peterson v. Kitsap Cmty. Fed. Credit Union, 171 Wn. App. 404, 416, 287 P.3d 27 (2012).

---

[2] As a preliminary matter, the City also says that Vines's failure to submit the clerk's papers to this court precludes appellate review. But it appears that Vines did eventually cause the clerk's papers to be transmitted to this court.

CR 41(a) governs voluntary dismissal of actions. Regarding the effect of a voluntary dismissal, CR 41(a)(4) provides:

> Unless otherwise stated in the order of dismissal, the dismissal is without prejudice, except that an order of dismissal operates as an adjudication upon the merits when obtained by a plaintiff who has once dismissed an action based on or including the same claim in any court of the United States or of any state.

This "two dismissal" rule operates as a nondiscretionary adjudication upon the merits when, as here, the dismissals at issue are unilaterally obtained by the plaintiff. Spokane County v. Specialty Auto & Truck Painting, Inc., 153 Wn.2d 238, 246, 103 P.3d 792 (2004). The purpose of the two dismissal rule is "to prevent the abuse and harassment of a defendant . . . and . . . the unfair use of dismissal." Specialty Auto, 153 Wn.2d at 245.

The City contends that the doctrine of res judicata bars Vines's third lawsuit. We agree. Res judicata applies where a prior final judgment is identical to the challenged action in (1) subject matter, (2) cause of action, (3) persons or parties, and (4) quality of persons for or against whom the claim is made. Loveridge v. Fred Meyer, Inc., 125 Wn.2d 759, 763, 887 P.2d 898 (1995). Vines voluntarily and unilaterally obtained a dismissal of his first two lawsuits. His third lawsuit involved the same subject matter as the prior lawsuits, raised claims that were or could have been brought in his prior lawsuits, and involved the same persons or parties and quality of persons against whom the claims were made. Different defendants in separate suits are the same party for res judicata purposes when, as here, the employer/employee relationship establishes privity.

5

Kuhlman v. Thomas, 78 Wn. App. 115, 121, 897 P.2d 365 (1995).  Because

CR 41(a)(4) states that a second dismissal constitutes an adjudication on the

merits, res judicata prevents a plaintiff from relitigating the same claims against

the same parties in a subsequent action.  Feature Realty, Inc. v. Kirkpatrick &

Lockhart Preston Gates Ellis, LLP, 161 Wn.2d 214, 224, 164 P.3d 500 (2007).

Thus, res judicata bars Vines's third lawsuit.

Vines contends that CR 41(a)(4)'s two dismissal rule should not bar his

third lawsuit because it was filed 40 days before the trial court judge dismissed

his second lawsuit with prejudice.  Vines unilaterally moved for voluntary

dismissal of his second lawsuit before filing his third lawsuit.  Because the

resulting order of dismissal under CR 41(a)(4) operated as a nondiscretionary

adjudication on the merits, res judicata bars his third lawsuit.[3]

Vines also asserts that summary judgment dismissal of his third lawsuit

deprived him of his constitutional right to access the courts to petition for a

redress of grievances.  This right, however, is neither unlimited nor absolute.  In

re Marriage of Giordano, 57 Wn. App. 74, 77, 787 P.2d 51 (1990).  Due process

requires a reasonable right of access and a meaningful opportunity to be heard,

absent an overriding state interest.  Yurtis v. Phipps, 143 Wn. App. 680, 694, 181

P.3d 849 (2008) (citing Giordano, 57 Wn. App. at 77).  Vines's first and second

lawsuits provided him with a right of access and opportunity to be heard.  His

choice to voluntarily dismiss both lawsuits resulted in an order of dismissal with

---

[3] Vines asserts that the trial court failed to consider his objection to summary judgment.  But the order granting summary judgment expressly states that the court considered his objection prior to ruling.

prejudice under CR 41(a)(4).  "Pro se litigants are bound by the same rules of procedure and substantive law as attorneys."  Westberg v. All-Purpose Structures Inc., 86 Wn. App. 405, 411, 936 P.2d 1175 (1997).  Summary judgment dismissal of his third lawsuit did not deprive Vines of judicial access.[4]

---

[4] Given our conclusions, we need not address Vines's contention that material issues of fact preclude summary judgment dismissal of his claims.  But it appears that contention fails as well.  Vines has not established an issue of fact as to whether police arrested him illegally.  See RCW 10.31.100 ("[a] police officer may arrest a person without a warrant for committing a misdemeanor or gross misdemeanor only when the offense is committed in the presence of an officer, except as provided in subsections (1) through (11) of this section."); RCW 10.31.100(1) ("[a]ny police officer having probable cause to believe that a person has committed or is committing a misdemeanor or gross misdemeanor involving physical harm or threats of harm to any person . . . shall have the authority to arrest the person."); State v. Gaddy, 152 Wn.2d 64, 70, 93 P.3d 872 (2004) ("Probable cause exists when the arresting officer is aware of facts or circumstances, based on reasonably trustworthy information, sufficient to cause a reasonable officer to believe a crime has been committed.").  Erickson came to the police station to report that Vines had punched him multiple times on the left side of his head with a closed fist.  Officer Henrich observed a red mark on the left side of Erickson's face.  Erickson specified that Vines is his brother-in-law and that the altercation took place at Vines' residence.  Officer Henrich determined that probable cause existed to arrest Erickson for fourth degree domestic violence assault, a gross misdemeanor.  Based on Erickson's allegations, a reasonable officer would have probable cause to believe that a gross misdemeanor involving physical harm had been committed.

To the extent that Vines's claims depend on his assertion that police lacked probable cause to arrest him, those claims fail as a matter of law.  The existence of probable cause is a complete defense to an action for false arrest, false imprisonment, or malicious prosecution.  Hanson v. City of Snohomish, 121 Wn.2d 552, 563-64, 852 P.2d 295 (1993).

Also, Vines lacks the authority to assert criminal statutes against the City and its police officers as civil causes of action.  To the extent that Vines sought to prosecute criminal causes of action, such as criminal conspiracy, criminal attempt, intimidating a witness, witness tampering, tampering with physical evidence, coercion, or official misconduct, those actions were properly dismissed as a matter of law.  Similarly, entrapment and protective defense are affirmative defenses to a charged crime, not civil causes of action.

Although Vines appears to assert that the court erred in dismissing his constitutional claims, he provides no reasoned argument supported by authority in support of these assertions.  RAP 10.3(a)(6); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).  To the extent that Vines's constitutional claims are based on his assertion that the arrest was illegal, those claims lack merit.

Lastly, summary judgment appears to have been proper regarding Vines's claims for police misconduct, outrage, and intentional infliction of emotional distress.  To prevail

We affirm.

_Chun, J._

WE CONCUR:

_Díaz, J._          _Mann, C.J._

---

on a negligence claim, "a plaintiff 'must show (1) the existence of a duty to the plaintiff, (2) a breach of that duty, (3) a resulting injury, and (4) the breach as the proximate cause of the injury.'" Ehrhart v. King County, 195 Wn.2d 388, 396, 460 P.3d 612 (2020) (quoting N.L. v. Bethel Sch. Dist., 186 Wn.2d 422, 429, 378 P.3d 162 (2016)). Police owe a duty of reasonable care in the exercise of their official duties. Mancini v. City of Tacoma, 196 Wn.2d 864, 879, 479 P.3d 656 (2021). To prevail on a claim of intentional infliction of emotional distress, the plaintiff must show "'(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress.'" Lyons v. U.S. Bank Nat'l Ass'n, 181 Wn.2d 775, 792, 336 P.3d 1142 (2014) (quoting Kloepfel v. Bokor, 149 Wn.2d 192, 195, 66 P.3d 630 (2003)). To constitute outrage, the conduct at issue "must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Reyes v. Yakima Health Dist., 191 Wn.2d 79, 91, 419 P.3d 819 (2018) (quoting Grimsby v. Samson, 85 Wn.2d 52, 59, 530 P.2d 291 (1975) (plurality opinion) (emphasis omitted)). Vines does not appear to present evidence to establish a material issue of facts as to any of these standards.

8