[No. 31771. Department One.   October 4, 1951.]

GEORGE J. TOULOUSE, JR., as *Executor, Appellant,* v. NEW YORK LIFE INSURANCE COMPANY, *Respondent.*[1]

*George J. Toulouse, Jr.,* and *Clarence A. Lirhus,* for appellant.

*Catlett, Hartman, Jarvis & Williams,* for respondent.

PER CURIAM.—Robert Sherlock left six thousand dollars of the proceeds of a matured life insurance policy with the insurance company, under an option in his policy which read as follows:

"The proceeds may be left with the Company subject to withdrawal in whole or in part at any time on demand in sums of not less than one hundred dollars. The Company will credit interest annually on the proceeds so left with it at such rate as it may each year declare ·on such funds and guarantees that the rate of interest shall never be less than three per cent."

[1] Reported in 235 P. (2d) 1003.

A supplementary contract between Mr. Sherlock and the insurance company provided that Sherlock could make withdrawals on demand in sums of not less than one hundred dollars each and, further, that:

"If at the death of said payee there shall remain any unpaid balance to the credit of said account, the amount of said balance remaining in the Company's possession shall be payable in one sum, upon receipt of due proof of the death of the payee and surrender of this agreement, to as follows—Agnes Tooley, niece, 1/5, daughter of Mary Sherlock, sister of Robert Sherlock, Dominick Sherlock, nephew, son of Dominick Sherlock, brother of Robert Sherlock 1/5, Bridget McCauley niece, daughter of Madge Sherlock, sister of Robert Sherlock, 1/5 Bridget Sherlock, niece, daughter of Dominick Sherlock, brother of Robert Sherlock 1/5, and Margaret McCauley niece, daughter of Madge Sherlock, sister of Robert Sherlock, 1/5, if living, otherwise to the executors or administrators of said Robert Sherlock, upon receipt and approval of satisfactory evidence of their appointment and qualifications."

The executor of Sherlock's estate, the appellant here, commenced the present action against the life insurance company on the theory that the supplementary contract amounted to a testamentary disposition of Mr. Sherlock's property and is ineffective, since not executed with the formalities covering wills, and that the executor, rather than the beneficiaries designated in the supplementary agreement, is entitled to the money in the possession of the insurance company. The company defended the action without interpleading the named beneficiaries, contending that the supplementary contract constitutes a valid third party beneficiary contract and that the third party beneficiaries have a vested interest therein. The trial court concluded that the executor had no interest in the funds held by the insurance company and dismissed the action with prejudice.

The difficulty is that all of the parties necessary to a final determination of the controversy are not before the court. It is our view that the individuals who, by the terms of the supplementary agreement, were to receive the unpaid

balance on the death of Mr. Sherlock, are the real parties in interest, and that the insurance company is only a stakeholder and not a real party in interest. It may well be that the beneficiaries can add nothing to the very able presentation that has been made on their behalf by the insurance company in the superior court and on this appeal, but we are nonetheless unwilling to consider the appeal upon the merits until all claimants to the fund in the insurance company's possession are before the court.

■ When a complete determination of a controversy cannot be had without the presence of other parties, the court not only has the inherent power to cause such other parties to be brought in, but such power is specifically conferred upon it by statute. Rem. Rev. Stat., § 196 [P.P.C. § 3-47]; *State ex rel. Kubel v. Plummer*, 130 Wash. 135, 226 Pac. 273. See, also, Rule of Practice 2 (3), 34A Wn. (2d) 69.

■ The judgment of dismissal with prejudice heretofore entered by the superior court is set aside and the cause remanded with instructions to cause the beneficiaries under the supplementary contract to be brought into the proceeding by summons in the usual manner; and if such parties cannot be brought in, the superior court shall dismiss the action without prejudice.

Neither party shall recover costs on this appeal: The appellant should have joined the proper parties and the respondent should have interpleaded them.

HILL, J. (dissenting)—I concede the power of the court to dispose of the appeal as has been done in the *per curiam* opinion, but I am not persuaded that we should do so. In *State ex rel. Kubel v. Plummer*, 130 Wash. 135, 226 Pac. 273, the court said:

"When a complete determination of a controversy cannot be had without the presence of other parties, the court not only has inherent power to cause such other parties to be brought in, but it is a power especially conferred upon it by statute (Rem. Comp. Stat., § 196) [P. C. § 8277]. *Ordinarily, perhaps, where purely private interests are involved the court will not exercise this prerogative, but will try the issues as the parties frame them, be the subsequent conse-*

*quences what they may.* But the present proceeding involves more than a private interest. It involves a public fund, and a determination of the controversy as the issues are now framed may cause a loss to the fund. In such instances the courts would be derelict in their duties did they not exercise all of the powers they have for the fund's protection." (Italics mine.)

The beneficiaries under the supplementary contract would not be bound by any judgment that may be entered herein. The life insurance company has taken the calculated risk of being ordered by one court to pay the executor and by another court to pay the beneficiaries under the supplementary contract, and I feel that we should try the issues as the parties have framed them, "be the subsequent consequences what they may."