[No. 365–41293–1. Division One—Panel 2. January 11, 1971.]

HARDWARE DEALERS MUTUAL FIRE INS. Co., *Respondent,* v.
FARMERS INS. EXCHANGE *et al., Appellants.*

*Martin, Niemi & Burch* and *George W. Martin,* for appellants.

*Miracle & Pruzan* and *Howard Pruzan,* for respondent.

WILLIAMS, J.—Plaintiff, the insurance carrier for persons wrongfully injured in a 2-car automobile collision, brought this action to recover the amount of the medical expenses which it had paid to its insured from Warren C. Rose, driver of the other vehicle, who was at fault, and Farmers Insurance Exchange, his liability insurance carrier. Summary judgment was entered for the plaintiff, from which the defendants appeal.

Following the accident, respondent paid the medical expenses of the two injured persons who were riding in the vehicle which was covered by its policy. The policy of insurance provided that:

> In the event of any payment under the Medical Expense Coverage of this policy, the company shall be subrogated to all the rights of recovery therefor which the injured person or anyone receiving such payment may have

against any person or organization and such person shall execute and deliver instruments and papers and do whatsoever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights.

Respondent notified appellant Farmers Insurance Exchange of this provision and of the payments made pursuant thereto.

After receiving payment for medical expenses and property damage from respondent, the injured parties sued appellant Rose for property damage, medical expenses, and general damages sustained in the accident. Appellant Farmers Insurance Exchange accepted the defense of this action and settled it with a lump-sum payment. By stipulation, the case was dismissed with prejudice. When respondent learned that the case had been settled, it demanded payment from appellants for the property damage and medical expenses. Appellant Farmers Insurance Exchange remitted for the property damage, but refused to honor respondent's subrogation rights as to the medical expenses. Respondent then brought this action, which presents the sole question of the right of a subrogee under an automobile insurance policy to collect the amount of money paid to its assured for medical expenses from the tort feasor and his insurance carrier.

Appellants contend that the medical subrogation clause is invalid as to them because the single cause of action was illegally split. They further contend that the judgment of dismissal with prejudice between the principals to the accident finally adjudicated the rights of the parties; that appellant Rose was the only proper defendant; and that the clause if generally used in automobile liability policies would foster litigation and therefore would be against public policy.

■ The rule is well settled that a claimant may not separate his cause of action into parts, since to do so would lead to a multiplicity of suits and place the tort feasor in the expensive and vexatious position of having to defend against one or more plaintiffs in one or more forums, even

though the items claimed all arose from the same tort. *Howell v. Hunters Exch. State Bank,* 149 Wash. 249, 270 P. 831 (1928); *State ex rel. White Pine Sash Co. v. Superior Court,* 145 Wash. 576, 261 P. 110 (1927); *Sprague v. Adams,* 139 Wash. 510, 247 P. 960, 47 A.L.R. 529 (1926); *Fireman's Fund Ins. Co. v. Oregon R.R. & Nav. Co.,* 58 Wash. 332, 108 P. 770 (1910). Also *see General Ins. Co. of America v. Stoddard Wendle Ford Motors,* 67 Wn.2d 973, 410 P.2d 904 (1966).

It was recognized at an early date in this state that an assignment of a part of a chose in action was valid if all parties to the debt were before the court. In *Barto v. Seattle & Int'l Ry.,* 28 Wash. 179, 68 P. 442 (1902), the court said at page 182:

> This latter rule in equity prevails, because at common law there is no way by which all parties interested may be brought before the court in an action at law. Equity overcomes this objection, and brings all interested parties before the court, and metes out justice to all.

Rules for Superior Court (CR 19 and 20) implement this rule of equity so that, if a defendant is aware that he may be faced with multiple suits, he will be protected if he calls the court's attention to the situation. *Toulouse v. New York Life Ins. Co.,* 39 Wn.2d 439, 235 P.2d 1003 (1951).

In this case, appellants were on notice of the valid transfer to respondent of the medical expense part of the cause of action and so were faced at the outset of the litigation with a separation of claims based upon a single tort. They did not object or raise a defense either with the court or respondent. Since they could waive the defense if they wished, *Howell v. Hunters Exch. State Bank, supra,* we hold that they did so on this occasion. *Wolverine Ins. Co. v. Klomparens,* 273 Mich. 493, 263 N.W. 724 (1935). We are not faced with the situation found in *Sprague v. Adams, supra,* in which there was first a claim for property damage which was reduced to judgment by the subrogee and then an attempt by the insured in a separate and subsequent action to recover for personal injuries. It does not appear in

52

that opinion that the defendant was aware of the multiple claims.

The medical subrogation clause, which has been approved by the Washington Insurance Commissioner, may foster litigation although there is no information in the record which would support that conjecture. Property damage subrogation clauses similar in character have not had that result. We decline to speculate.

The judgment is affirmed.

JAMES, C. J., and UTTER, J., concur.