[No. 17443-3-III.   Division Three.   May 25, 1999.]

KENNETH LANDRY, ET AL., *Appellants*, v. KRISTEN LUSCHER, ET AL., *Respondents*.

*Craig K. Vernon*, for appellants.
*Michael H. Church*, for respondents.

SWEENEY, J. — Filing two separate lawsuits based on the same event—claim splitting—is precluded in Washington. *Sprague v. Adams*, 139 Wash. 510, 515, 247 P. 960, 47 A.L.R. 529 (1926). But this defense may be waived. *Hardware Dealers Mut. Fire Ins. Co. v. Farmers Ins. Exch.*,

4 Wn. App. 49, 51-52, 480 P.2d 226 (1971). Kenneth and Katherine Landry obtained a judgment against Kristen and Marjorie Luscher in small claims court for damage to their automobile, following an accident. The Landrys later sued in superior court for personal injuries arising out of the same accident. The superior court dismissed the second suit.

The questions here are whether the second suit, for personal injury, is prohibited claim splitting; and whether the Luschers waived the defense because they knew or should have known that the Landrys would make two separate claims. We conclude that the Landrys' personal injury claim is barred by Washington's prohibition against claim splitting and the Luschers did not waive the defense.

## FACTS

Automobiles driven by Katherine Landry and Kristen Luscher collided. Ms. Landry was injured and her car was damaged. The accident was apparently Ms. Luscher's fault.

The Landrys and Ms. Luscher's insurance company could not settle the property damage claim for the Landrys' car. Ms. Landry's husband, Kenneth Landry, filed a small claims action against Kristen and Marjorie Luscher for the property damage in district court. Mr. Landry signed the small claims notice. But he listed both he and Ms. Landry as plaintiffs on the notice of small claims.

The court awarded the Landrys $1,941.77 in the small claims action. The district court judge identified both Mr. and Ms. Landry as "Plaintiffs" in the findings of fact and conclusions of law.

Shortly after the accident, Ms. Landry began a course of treatment for cervical strain. She was treated surgically on November 26, 1996.

On May 8, 1997, the Landrys sued in superior court for Ms. Landry's injuries. The Luschers moved for dismissal based on Washington's prohibition against claim splitting.

The Landrys argued that the personal injury suit was not the same claim because Ms. Landry was not a party in the prior small claims action. They also argued the Luschers waived the defense of claim splitting. The court concluded that Ms. Landry was a party to the small claims action. Relying on *Sprague*, the court concluded that the Landrys had split their claims and dismissed the personal injury suit.

## DISCUSSION

■ A. Standard of Review: We are presented with two legal questions. So review is de novo. *Mountain Park Homeowners Ass'n v. Tydings*, 125 Wn.2d 337, 341, 883 P.2d 1383 (1994).

■■ B. Claim Splitting: A claimant may not split a single cause of action or claim. Such a practice would lead to duplicitous suits and force a defendant to incur the cost and effort of defending multiple suits. *Sprague*, 139 Wash. at 515; *Hardware Dealers*, 4 Wn. App. at 50-51. An injured party is limited to one lawsuit for property and/or personal injury damage resulting from a single tort alleged against the wrongdoer. *Sprague*, 139 Wash. at 519-20. This is in accord with the general rule that if an action is brought for part of a claim, a judgment obtained in the action precludes the plaintiff from bringing a second action for the residue of the claim. *Pretz v. Lamont*, 6 Kan. App. 2d 31, 34-35, 626 P.2d 806, 24 A.L.R.4TH 638 (1981) (quoting 46 AM. JUR. 2D *Judgments* § 405, at 573-74) (concluding that the prohibition against claim splitting fulfills the four necessary conditions of res judicata); Andrea G. Nadel, Annotation, *Simultaneous Injury to Person and Property As Giving Rise to Single Cause of Action—Modern Cases*, 24 A.L.R.4TH 646, 650-58 (1983) (examining cases that generally gave res judicata effect without formal application of the res judicata doctrine to subsequent suit for personal injuries after prior suit for property damages).

■■ A second and related reason for prohibiting claim splitting is the merger and bar components of res judicata.

*Kelly-Hansen v. Kelly-Hansen*, 87 Wn. App. 320, 328, 941 P.2d 1108 (1997) (quoting JACK H. FRIEDENTHAL ET AL., CIVIL PROCEDURE § 14.1, at 607 (1985)); RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982).[1] This theory of dismissal, "variously referred to as res judicata or splitting causes of action," is based on the rationale that the relief sought in a subsequent action "could have and should have been determined in a prior action." *Sanwick v. Puget Sound Title Ins. Co.*, 70 Wn.2d 438, 441, 423 P.2d 624, 38 A.L.R.3D 315 (1967). Since the purpose of the res judicata doctrine is to ensure the finality of judgments and eliminate duplicitous litigation, dismissal on the basis of res judicata is appropriate where the subsequent action is identical with a prior action in four respects: (1) persons and parties; (2) cause of action; (3) subject matter; and (4) the quality of the persons for or against whom the claim is made. *Hayes v. City of Seattle*, 131 Wn.2d 706, 711-12, 934 P.2d 1179, 943 P.2d 265 (1997); *Kuhlman v. Thomas*, 78 Wn. App. 115, 120, 897 P.2d 365 (1995). We apply each element to the facts here.

■ (1) *Persons and parties:* Parties may be nominally different, but the same for res judicata purposes. *Rains v. State*, 100 Wn.2d 660, 664, 674 P.2d 165 (1983). Thus, while a party does not have to be identical in both suits, there must be at least privity between a party to the first suit

---

[1]RESTATEMENT (SECOND) OF JUDGMENTS § 24, at 196 (1982), is educational:

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

The plaintiff's claim is extinguished even though he or she is prepared (1) to present evidence, grounds or theories of the case not presented in the first action, or (2) to seek remedies or forms of relief not demanded in the first. RESTATEMENT § 25.

In the RESTATEMENT, illustration 1 under comment c of section 24; at 200, is illustrative of this case:

A and B, driving their respective cars, have a collision injuring A and damaging his car. The occurrence is single, and so is A's claim. If A obtains a judgment against B on the ground of negligence for the damage to the car, he is prevented by the doctrine of merger from subsequently maintaining an action for the harm to his person.

and the party to the second suit. *Kuhlman*, 78 Wn. App. at 121. Privity is based on a mutual or successive relationship to the same right, property, or subject matter of the litigation. *Loveridge v. Fred Meyer, Inc.*, 125 Wn.2d 759, 764, 887 P.2d 898 (1995).

Here, Ms. Landry was named as a plaintiff in the small claims action and in the superior court action. Further, Mr. Landry could file suit on behalf of Ms. Landry and the Landry community for damage to their community property. RCW 4.08.030; Harry M. Cross, *The Community Property Law in Washington (Revised 1985)*, 61 WASH. L. REV. 13, 65-66 (1986).

The Landrys rely on the Oregon case of *Gaul v. Tourtellotte*[2] for the proposition that the parties were not identical. But *Gaul* was overruled by *Peterson v. Temple*.[3] We conclude that the same parties were involved in both suits.

■ (2) *Causes of action:* To consider whether the causes of action are identical, we consider the following: (1) Would the second action destroy or impair rights or interests established in the first judgment? (2) Is the evidence presented in the two actions substantially the same? (3) Do the two suits involve infringement of the same right? (4) Do the two suits arise out of the same nucleus of facts? *Hayes*, 131 Wn.2d at 713; *Kuhlman*, 78 Wn. App. at 122. But an analysis of the factors is not necessary here because there is an identity of causes of action between a suit for property damage and a suit for personal injury damage incurred by one person, or at least the community, and resulting from a single tort. *Sprague v. Adams*, 139 Wash. 510, 515-20, 247 P. 960, 47 A.L.R. 529 (1926).

---

[2]260 Or. 14, 17, 488 P.2d 416 (1971) (holding that a prior property damage judgment did not bar a later personal injury action arising from the same accident because "the second action, not being upon the same claim or demand as the first, raises a question of collateral estoppel and not one of res judicata." The court further held that the plaintiff was not collaterally estopped from maintaining the property damage suit because he was not a party or in privity with a party to the earlier personal injury action.).

[3]323 Or. 322, 331-32, 918 P.2d 413 (1996) (applying the modern definition of the term "claim," "it is clear that claims for injury to person and to property arising from the same accident involve but a single claim").

The Landrys attempt to differentiate their causes of action by describing one for "damage to property" and the other for "damage to person." But both were a cause of action for damage based on Ms. Luscher's liability. This is a single claim for damage—some property and some personal injury. *Id.*

(3) *Subject matter:* Although similar to the cause-of-action prong, the critical factors for subject matter are the nature of the claim or cause of action and the parties. *Hayes*, 131 Wn.2d at 712 (quoting Philip A. Trautman, *Claim and Issue Preclusion in Civil Litigation in Washington*, 60 WASH. L. REV. 805, 812-13 (1985)).

Relying on the Illinois case of *Stephan v. Yellow Cab Co.*,[4] the Landrys argue that the subject matter differs between a personal injury action and a property damage action. While *Stephan* supports their position, it is the minority rule. More importantly, it is not the rule in Washington. *Sprague* is clear—an action for property damage and one for personal injury arising out of an accident are the same causes of action.

(4) *Quality of the persons for or against whom the claim is made:* "Only if there is identity of parties, including the privity concept, need one consider the fourth element, identity in the quality of the persons for or against whom the claim is made." Trautman, *supra*, at 820.

Again the Luschers were identified as the defendants and the Landrys were identified as the plaintiffs in both actions. The relationship between the Luschers and the Landrys was adversarial in both proceedings. *Bordeaux v. Ingersoll Rand Co.*, 71 Wn.2d 392, 397-98, 429 P.2d 207 (1967). These actions met the requirements of res judicata.

C. Equitable Arguments: The Landrys make several equitable arguments. Equitable remedies are not available, however, unless the remedies at law are inadequate. *Lewis v. Boehm*, 89 Wn. App. 103, 108, 947 P.2d 1265 (1997). Here, the more-than-adequate legal remedy was to join the personal injury damage claim with the property damage

[4]30 Ill. App. 3d 996, 333 N.E.2d 223 (1975).

claim in a court with the jurisdictional authority to preside over both matters up to the full amount of damages in controversy.

D. Waiver: The Landrys finally contend that the Luschers waived the claim-splitting defense.

■ The rule against splitting causes of action is for the benefit and protection of the defendant. *Howell v. Hunters Exch. State Bank*, 149 Wash. 249, 252, 270 P. 831 (1928); RESTATEMENT (SECOND) OF JUDGMENTS § 26, cmt. a (1982). Thus, the defense can be waived. *Hardware Dealers Mut. Fire Ins. Co. v. Farmers Ins. Exch.*, 4 Wn. App. 49, 51-52, 480 P.2d 226 (1971); *Brice v. Starr*, 93 Wash. 501, 503-07, 161 P. 347 (1916); RESTATEMENT (SECOND) OF JUDGMENTS § 26(1)(a) (1982).[5] But in order to do so, the defendant must be aware of a second suit for the same cause of action. *Hardware Dealers*, 4 Wn. App. at 51-52; *Brice*, 93 Wash. at 504-05. Here, the Landrys' claims were not pending at the same time.

The Landrys rely on a number of cases from other jurisdictions. But in all of those cases, two suits were pending at the same time.[6]

---

[5]RESTATEMENT (SECOND) OF JUDGMENTS § 26(1)(a), at 233 (1982), provides:

(1) When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:

(a) The parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein[.]

Illustration 1 under comment a of section 26, at 235, exemplifies the Landrys' waiver argument:

1. After a collision in which A suffers personal injuries and property damage, A commences in the same jurisdiction one action for his personal injuries and another for the property damage against B. B does not make known in either action his objection (usually called "other action pending") to A's maintaining two actions on parts of the same claim. After judgment for A for the personal injuries, B requests dismissal of the action for property damage on the ground of merger. Dismissal should be refused as B consented in effect to the splitting of the claim.

[6]*Weekes v. Atlantic Nat'l Ins. Co.*, 370 F.2d 264 (9th Cir. 1966); *Patrons Mut. Ins. Ass'n v. Union Gas Sys., Inc.*, 250 Kan. 722, 830 P.2d 35 (1992); *Lake v. Jones*, 89 Md. App. 579, 598 A.2d 858 (1991).

The Landrys cite *Stevens v. Kirkpatrick*, 82 Haw. 91, 919 P.2d 1003 (Ct. App. 1996). But there dismissal was required by Hawaiian statutory law. The Landrys also rely on *Gary Steel Prods. Corp. v. Kitchin*, 197 Va. 471, 90 S.E.2d 120 (1955). But there the cited language was dicta because the waiver issue was not dispositive.

The Luschers could not waive the defense of claim splitting because the Landrys' suits were not pending at the same time. The Landrys' second action was properly dismissed.

Affirmed.

SCHULTHEIS, C.J., and BROWN, J., concur.

Review denied at 139 Wn.2d 1006 (1999).