# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STEVEN W. HYDE and SANDRA D. BROOKE, husband and wife, | ) ) ) | DIVISION ONE |
| Appellant, | ) ) | No. 72614-5-I |
| v. | ) ) | UNPUBLISHED OPINION |
| CITY OF LAKE STEVENS, | ) ) ) | |
| Respondent. | ) ) ) | FILED: August 3, 2015 |

DWYER, J. — The doctrine of res judicata prevents a plaintiff from bringing successive actions against the same defendant when the actions arise from the same transactional nucleus of facts. After Steven Hyde, the appellant in this matter, had his claim of negligence against the City of Lake Stevens dismissed, he filed a successive action against the City in which he alleged a claim of negligent misrepresentation. Because the negligent misrepresentation claim arose from the same events that formed the basis of Hyde's negligence claim, the trial court's dismissal of Hyde's negligent misrepresentation claim was justified by the doctrine of res judicata. Therefore, we affirm the dismissal of Hyde's negligent misrepresentation claim. The record herein, however, does not support the trial court's imposition of Civil Rule 11 sanctions against Hyde's counsel. We reverse that order.

I

On June 2, 2009, the City of Lake Stevens offered Steven Hyde a position as a police officer. As part of his training, Hyde participated in taser training. He completed the written taser training on June 10, 2009 and on the next day, June 11, participated in the practical taser application and testing.

During this part of the training, Hyde was subjected to a short burst of the taser weapon in accordance with the taser training protocol. Before the tasing took place, Hyde signed a release from Taser International, the manufacturer of the weapon. Hyde then laid with his back on the floor and with clips attached to his right arm and left ankle. A taser instructor applied the taser to him. Later that same day, Hyde complained of back pain and filed an injury report.

On August 28, 2009, the pain not having resolved, Hyde had surgery on his back. On September 25, 2009, Hyde contacted Taser International, inquiring about the recommended methods of exposure during taser training. On September 30, Hyde received an e-mail from the training manager at Taser International, who informed him that the training guidelines state to target the subject's back or legs and that shoulder and foot exposures were not recommended.

Hyde then brought a lawsuit against the City. Therein, Hyde alleged that he had suffered injury as a result of being tased, and that the injury "was directly and proximately caused by the negligence of Defendant City of Lake Stevens." He requested that judgment be entered against the City for, among other things, general damages, medical costs and expenses (both present and future),

- 2 -

financial loss, pain and suffering, mental anguish, loss of consortium, and emotional distress.

On August 23, 2012, the City moved for summary judgment on Hyde's claim of negligence. Its motion was granted and Hyde's negligence claim was dismissed.

Hyde moved for reconsideration. In doing so, Hyde argued that a claim of negligent misrepresentation was included within his complaint, and that this claim was based on his discovery, on June 20, 2011, that, contrary to assertions made to him at the taser testing, being tased was not a requirement to become a police officer. Hyde's motion for reconsideration was denied.

Hyde appealed. In an unpublished opinion, we affirmed the dismissal of Hyde's negligence claim. Hyde v. City of Lake Stevens, noted at 179 Wn. App. 1007, 2014 WL 232214, review denied, 180 Wn.2d 1029 (2014). Therein, we observed that Hyde had not pleaded a claim of negligent misrepresentation but, rather, first asserted such a claim in his motion for reconsideration. Hyde, 2014 WL 232214, at *4.

Subsequently, Hyde filed this action in Snohomish County Superior Court. Herein, he claims that "[t]he representation that tasing was a requirement of the job was a negligent misrepresentation." His complaint requests that judgment be entered against the City for, among other things, general damages, medical costs and expenses (both present and future), financial loss, pain and suffering, mental anguish, loss of consortium, and emotional distress.

After the complaint herein was filed, the City's attorney informed Hyde's

- 3 -

attorney that the complaint was "a clear violation of the claim-splitting doctrine," and notified Hyde's attorney that the City would seek attorney fees, costs, and sanctions if the complaint was not voluntarily dismissed. Shortly thereafter, the City's attorney reminded Hyde's attorney of the City's intent to seek fees and sanctions and, in doing so, stated, "It is our position that you are in violation of the claim splitting prohibition, res judicata, collateral estoppel, CR 11, and the statute of limitations for statements allegedly made (negligent misrepresentation) in June 2009 has expired."

On July 24, 2014, the City filed a motion for summary judgment. Therein, the City argued that Hyde's second complaint was barred by the prohibition on "claim-splitting," as well as the doctrines of res judicata and collateral estoppel. The City requested that the trial court dismiss Hyde's complaint, award the City attorney fees, and impose monetary terms against Hyde's attorney and in favor of the City.

On September 5, 2014, the trial court granted the motion, dismissing the complaint. Pursuant to CR 11, the court awarded the City reasonable attorney fees and sanctions in the amount of $5,000 against Hyde's attorney. Commenting on the imposition of CR 11 sanctions, the trial court stated, "This second lawsuit was brought in blatant violation of the claim splitting prohibition, res judicata, collateral estoppel, was frivolous, and has harassed the City and caused it to incur unnecessary legal bills and expenses."

Hyde's motion for reconsideration was denied. Therein, the trial court determined that a reasonable attorney fee to be awarded to the City was in the

No. 72614-5-I/5

amount of $17,145.

Hyde appeals.

II

Hyde contends that the trial court erred in dismissing his claim of negligent misrepresentation. We disagree. Dismissal was proper under the doctrine of res judicata.

We review a summary judgment order de novo. Lokan & Assocs., Inc. v. Am. Beef Processing, LLC, 177 Wn. App. 490, 495, 311 P.3d 1285 (2013). When reviewing an order granting summary judgment, we engage in the same inquiry as the trial court, viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party. Brown v. Brown, 157 Wn. App. 803, 812, 239 P.3d 602 (2010). "The motion should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Mayer v. City of Seattle, 102 Wn. App. 66, 75, 10 P.3d 408 (2000).

Generally speaking, res judicata bars the relitigation of claims and issues that were litigated or could have been litigated in a prior action. Loveridge v. Fred Meyer, Inc., 125 Wn.2d 759, 763, 887 P.2d 898 (1995); see In re Marriage of Aldrich, 72 Wn. App. 132, 138, 864 P.2d 388 (1993) (res judicata operates to preclude collateral attack on a final decision). "When res judicata is used to mean claim preclusion, it encompasses the idea that when the parties to two successive proceedings are the same, and the prior proceeding culminated in a final judgment, a matter may not be relitigated, or even litigated for the first time, if it could have been raised, and in the exercise of reasonable diligence should

- 5 -

have been raised, in the prior proceeding." Kelly-Hansen v. Kelly-Hansen, 87 Wn. App. 320, 328-29, 941 P.2d 1108 (1997) (footnotes omitted). "[I]t has been held that a matter should have been raised and decided earlier if it is merely an alternate theory of recovery, or an alternate remedy." Kelly-Hansen, 87 Wn. App. at 331 (compiling Washington Supreme Court cases); see also Sound Built Homes, Inc. v. Windermere Real Estate/South, Inc., 118 Wn. App. 617, 631-32, 72 P.3d 788 (2003) (summarizing the application of res judicata by Washington courts and rejecting the position "that a party can bring as many actions as he or she has substantive legal theories, even if all theories involve the same facts, the same evidence, and the same transaction").

In Washington, these principles have been reduced to a four-part test. Res judicata applies "where a prior final judgment is identical to the challenged action in '(1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made.'" Lynn v. Dep't of Labor & Indus., 130 Wn. App. 829, 836, 125 P.3d 202 (2005) (quoting Loveridge, 125 Wn.2d at 763). Whether an action is barred by res judicata is a question of law that is reviewed de novo. Lynn, 130 Wn. App. at 837.

Hyde concedes that the persons and parties, as well as the quality of the persons for or against whom the claim is made, are the same. Accordingly, only the first two elements necessitate analysis.

The first element, which requires a concurrence of identity in subject matter, is met: both actions involve the events that occurred during the June 11, 2009 taser training session.

The second element, which requires a concurrence of identity in the causes of action themselves, is also met. For purposes of this second element, "[a] claim includes 'all rights of the [claimant] to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose,' without regard to whether the issues actually were raised or litigated." Fluke Capital & Mgmt. Servs. Co. v. Richmond, 106 Wn.2d 614, 620, 724 P.2d 356 (1986) (alteration in original) (quoting RESTATEMENT (SECOND) OF JUDGMENTS, § 24(1) (1982)); accord Hadley v. Cowan, 60 Wn. App. 433, 804 P.2d 1271 (1991).

Hyde filed his first complaint, in which he alleged a claim of negligence, before learning that being tased was not a precondition of becoming a police officer. However, the City did not move for summary judgment on Hyde's negligence claim until over a year after Hyde's discovery that he could have opted not to be tased and remained eligible for employment. During this interim period, Hyde could have sought leave to amend his complaint to include a claim of negligent misrepresentation; alternatively, he could have sought to file a supplemental pleading to the same effect. CR 15(a), (d). Yet, instead of availing himself of the procedures authorized by rule, Hyde waited until his motion for reconsideration to argue that he had, in fact, included a claim of negligent misrepresentation in his complaint.

When this argument was rejected, Hyde filed a second complaint in which he pleaded a claim of negligent misrepresentation. He sought the same relief he had sought in his first complaint. In other words, after failing to recover damages

-7-

under a simple negligence theory, Hyde sought to recover the same damages, based on the same transaction, but under a theory of negligent misrepresentation. For purposes of the second element, his claims are, therefore, identical.[1]

The trial court did not err when it dismissed Hyde's claim of negligent misrepresentation on the basis of res judicata.

III

The trial court did, however, err in awarding attorney fees to the City and imposing sanctions against Hyde's attorney pursuant to CR 11. This is so because Hyde's negligent misrepresentation claim was not, contrary to the trial court's conclusion, brought in violation of the prohibition on claim splitting or the doctrine of collateral estoppel. Furthermore, although Hyde's claim was brought in violation of the doctrine of res judicata, CR 11 sanctions are not justified on that basis. Not only was the required notice of a CR 11 violation given to Hyde's attorney inadequate, the attorney had a good faith argument that Hyde's negligent misrepresentation claim could be prosecuted and would not be barred by the statute of limitation, as was his simple negligence claim. Accordingly, the

---

[1] Hyde asserts that the City should be judicially estopped from taking the position on appeal that his negligent misrepresentation claim is identical to his negligence claim. This is so, he maintains, because whereas the City obtained summary judgment in the second action by asserting the defense of res judicata, it obtained summary judgment in the first action by asserting that Hyde's purported negligent misrepresentation claim was independent of his negligence claim.

There is no merit to Hyde's argument. The City's position in both actions has been that Hyde's negligent misrepresentation claim is simply an alternate theory of liability to his negligence claim. There is no inconsistency in the City's position and, thus, no applicability for the equitable doctrine of judicial estoppel. See, e.g., Taylor v. Bell, 185 Wn. App. 270, 340 P.3d 951 (2014) (judicial estoppel inapposite where no inconsistent position taken), review denied, No. 91469-9 (Wash. July 8, 2015).

trial court's award must be vacated.

The signature of a party or attorney on a pleading constitutes a certificate by that party or attorney that the pleading is well grounded in fact, warranted by existing law or a good faith argument for a change in existing law, is not interposed for an improper purpose, and contains only factual contentions or denials warranted by the evidence. CR 11(a). Where a pleading is signed in violation of the rule, "the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction," which may include reasonable attorney fees and expenses. CR 11(a). We review an award of sanctions under CR 11 for an abuse of discretion. Biggs v. Vail, 124 Wn.2d 193, 197, 876 P.2d 448 (1994).

In determining whether the trial court abused its discretion, we are mindful that CR 11 is intended to deter baseless filings and to curb abuses of the judicial system. Biggs, 124 Wn.2d at 197. The rule is not "meant to act as a fee shifting mechanism." Biggs, 124 Wn.2d at 197. "Courts should employ an objective standard in evaluating an attorney's conduct, and the appropriate level of pre-filing investigation is to be tested by 'inquiring what was reasonable to believe at the time the pleading, motion or legal memorandum was submitted.'" Biggs, 124 Wn.2d at 197 (quoting Bryant v. Joseph Tree, Inc., 119 Wn.2d 210, 220, 829 P.2d 1099 (1992)).

Importantly, "[b]oth practitioners and judges who perceive a possible violation of CR 11 must bring it to the offending party's attention as soon as possible. Without such notice, CR 11 sanctions are unwarranted." Biggs, 124

Wn.2d at 198 (footnote omitted). "Prompt notice of the possibility of sanctions fulfills the primary purpose of the rule, which is to deter litigation abuses." Biggs, 124 Wn.2d at 198. However, notice, as it relates to CR 11, must be meaningful. Were it otherwise, CR 11 would be "simply another weapon in a litigator's arsenal." Biggs, 124 Wn.2d at 199 n.2.

Here, the City's attorney informed Hyde's attorney that the complaint was "a clear violation of the claim-splitting doctrine," and notified Hyde's attorney that the City would seek attorney fees, costs, and sanctions if the complaint was not voluntarily dismissed. Shortly thereafter, the City's attorney reminded Hyde's attorney of the City's intent to seek fees and sanctions and, in doing so, stated, "It is our position that you are in violation of the claim splitting prohibition, res judicata, collateral estoppel, CR 11, and the statute of limitations for statements allegedly made (negligent misrepresentation) in June 2009 has expired."

Subsequently, in imposing CR 11 sanctions, the trial court found that, "This second lawsuit was brought in blatant violation of the claim splitting prohibition, res judicata, collateral estoppel, was frivolous, and has harassed the City and caused it to incur unnecessary legal bills and expenses."

As explained herein, the trial court, and the City's counsel, were correct that Hyde is barred from maintaining his claim by res judicata. Notwithstanding this, the City was incorrect in asserting in its notice of intent to seek sanctions that Hyde's negligent misrepresentation claim was brought in violation of the prohibition on claim splitting and in violation of the doctrine of collateral estoppel. As will be explained below, and quite ironically, given the wording of CR 11, the

City's contentions in these regards were not supported by the law or the facts. This form of notice, which was incorrect on the law more than it was correct on the law, did not serve the salutary purpose required by the Biggs decision.

As to "claim splitting," the City was just plain wrong. In Washington, the practice of claim splitting has long been forbidden. Sprague v. Adams, 139 Wash. 510, 247 P. 960 (1926); White v. Miley, 137 Wash. 80, 241 P. 670 (1925); Kinsey v. Duteau, 126 Wash. 330, 218 P. 230 (1923); Collins v. Gleason, 47 Wash. 62, 91 P. 566 (1907); Kline v. Stein, 46 Wash. 546, 90 P. 1041 (1907); see also Ensley v. Pitcher, 152 Wn. App. 891, 222 P.3d 99 (2009); Landry v. Luscher, 95 Wn. App. 779, 976 P.2d 1274 (1999).

The seminal case of Sprague v. Adams, provides a good starting point in understanding that which constitutes claim splitting. 139 Wash. 510. In Sprague, the plaintiff successfully prosecuted a claim for property damage arising out of a motor vehicle collision and then brought a successive action in an effort to recover damages for personal injuries arising out the same collision. The issue before the court was "whether or not a single tort resulting in property damage to the owner and also in personal injury damage to the owner is one indivisible claim or cause of action in favor of the person so damaged, within the rule against splitting of causes of action and subjecting the claimant's opponent to more than one suit therefor." Sprague, 139 Wash. at 515. Resolving the question, the court held "that the decided weight of authority in this country supports the view that damages resulting from a *single tort*, even though such damages be partly property damages and partly personal injury damages, are,

when suffered by one person, the subject of only one suit as against the wrongdoer." Sprague, 139 Wash. at 520 (emphasis added).

The decision in Sprague was founded upon a series of prior Supreme Court decisions, including, most notably, Kline, Collins, Kinsey, and White. Each of these decisions is considered herein.

The plaintiffs in Kline brought successive actions seeking to recover land from the defendants, who had dispossessed them by moving the fences erected by the plaintiffs to where the defendants perceived the true property lines to be. 46 Wash. at 546-47. After prevailing in their first action, the plaintiffs sought "to recover an irregular shaped tract bordering on the west side of the tract recovered in the first action, which they claim they were deprived of by the same acts of forcible trespass." Kline, 46 Wash. at 547. After the trial court dismissed the second action, our Supreme Court affirmed, opining that "[t]he trespass gave rise to but one right of recovery, and since the appellants have exercised that right they are estopped from maintaining a second recovery," before concluding that "there has been a splitting of a *single cause of action.*" Kline, 46 Wash. at 548-49 (emphasis added).

The plaintiff in Collins brought successive actions seeking to compel specific performance by the defendants on a contract. 47 Wash. at 64-67. While the plaintiff prevailed in the first action, his effort to compel additional performance was rebuffed by the trial court. After the trial court dismissed the second action, our Supreme Court affirmed, opining that "Appellants' testator never had more than *one cause of action* on the contract. The failure of

respondent to convey all the lands contemplated thereby was but one breach, which authorized one action only." Collins, 47 Wash. at 67 (emphasis added). The court continued, "For one breach of an indivisible contract there can arise but one cause of action, and if in such action the plaintiff does not demand the entire relief to which he is entitled, he cannot afterwards complain." Collins, 47 Wash. at 67.

White involved an action of replevin, in which the plaintiff, after bringing a damages action for conversion of certain personal property, sought to recover different items of personal property from the same defendants. 137 Wash. at 81-82. The Supreme Court noted "that the rule against split causes of action requires the plaintiff to join in one action his claims and demands concerning all the property which can properly be brought into that action." White, 137 Wash. at 82. However, because the plaintiff in the first action was misled by the defendants, the court ruled that the plaintiff was, under the circumstances, permitted to split his cause of action. White, 137 Wash. at 83.

The plaintiff in Kinsey brought an action seeking recovery of a one-half interest in a tract of real property. Kinsey, 126 Wash. at 332. After his first action was dismissed, the plaintiff sought to recover a full interest in the same tract, but his efforts were barred by the trial court. Kinsey, 126 Wash. at 332. The Supreme Court affirmed, noting that the claims arose from the same cause of action. Kinsey, 126 Wash. at 334.[2]

_____

[2] Modern cases are in accord with Sprague and its forebears, but add nothing to the analysis and have not altered the rule. For instance, in Landry, Division Three, citing Sprague,

By 1940, the law in Washington was clear: the prohibition against claim splitting precluded the prosecution of a single cause of action in successive lawsuits. That rule has never changed. But that is not what Hyde did herein. In this case, he brought related—but separate—causes of action in successive lawsuits. Hyde did not commit the sin of claim splitting.

Not only was the City incorrect with regard to claim splitting, the City was also wrong in asserting that Hyde's second lawsuit was brought in violation of the doctrine of collateral estoppel.

"Collateral estoppel, or issue preclusion, bars relitigation of an issue in a subsequent proceeding involving the same parties." Christensen v. Grant County Hosp. Dist. No. 1, 152 Wn.2d 299, 306, 96 P.3d 957 (2004). "Collateral estoppel requires that the issue decided in the prior adjudication is identical with the one at hand." McDaniels v. Carlson, 108 Wn.2d 299, 305, 738 P.2d 254 (1987). Moreover, it "precludes only *those issues that have actually been litigated and determined*; it 'does not operate as a bar to matters which could have . . . been raised [in prior litigation] but were not.'" McDaniels, 108 Wn.2d at 305 (emphasis added) (alterations in original) (quoting Davis v. Nielson, 9 Wn. App. 864, 874, 515 P.2d 995 (1973)).

---

opined, "An injured party is limited to one lawsuit for property and/or personal injury damage resulting from a single tort alleged against the wrongdoer." Landry, 95 Wn. App. at 782. The Landry court then applied Sprague, concluding that "there is an identity of causes of action between a suit for property damage and a suit for personal injury damage incurred by one person, or at least the community, and resulting from a single tort." Landry, 95 Wn. App. at 784; see also Ensley, 152 Wn. App. 891 (finding instance of impermissible claim splitting where first action sought to establish vicarious liability of the principal and second action sought to establish direct liability of the agent).

As explained herein, Hyde could have asserted his claim of negligent misrepresentation in his first complaint, but failed to do so. While this failure, under the circumstances, caused his present lawsuit to be barred by res judicata, it was not also barred by collateral estoppel, given that the cause of action asserted herein (negligent misrepresentation) was not actually litigated in the first action. Consequently, the City was wrong in asserting in its notice of intent to seek CR 11 sanctions that Hyde's claim was brought in violation of the prohibition on collateral estoppel.

CR 11 is not a fee-shifting mechanism. The notice requirement of Biggs v. Vail exists to give fair warning to pleading violators and to deter violations at the earliest possible time. The notice given herein did not satisfy the Biggs requirements. The City, while correct in one assertion, was wrong in its two other assertions. The legal equivalent of simply throwing things against the wall to see what sticks does not serve as proper notice of a CR 11 violation.

Moreover, the circumstances suggest that Hyde's attorney filed the negligent misrepresentation claim with a good faith belief that he could maintain that cause of action. The City successfully argued in the prior action that Hyde's negligence claim was distinct from a negligent misrepresentation claim, and this court—in affirming the dismissal of Hyde's negligence claim—ruled that Hyde had not included a negligent misrepresentation claim in the first action. Hyde had a colorable—though losing—argument that he had not had a full opportunity to litigate the negligent misrepresentation claim in the first proceeding. Furthermore, Hyde argued that his claim of negligent misrepresentation was not

subject to the same statutory limitation period pursuant to which his claim of negligence had been dismissed. "The principal concern of the rule is whether the attorney acted reasonably in taking the action." John Doe v. Spokane & Inland Empire Blood Bank, 55 Wn. App. 106, 111, 780 P.2d 853 (1989). This record does not support the conclusion that the second action was brought in order to harass the defendant. Moreover, the required CR 11 notice was severely deficient—indeed, the City was more wrong than right in the assertions contained in that notice. Given the entire record, the trial court erred in granting the motion to impose sanctions and award attorney fees.[3]

We affirm the order of summary judgment dismissal. We vacate the order awarding attorney fees and sanctions pursuant to CR 11.

We concur:

_____

—————————————————————

_____
<hr>

[3] The trial court did not, in awarding attorney fees, specify the ground upon which the award was based. While the City maintains that the award of attorney fees should be affirmed on the basis of CR 11, it also argues that RCW 4.84.185—which authorizes fees if an action is "frivolous and advanced without reasonable cause"—provides an alternative ground for affirmance. Awards pursuant to this statute are authorized only where a party is "forced to defend itself against meritless claims asserted for harassment, delay, nuisance or spite." Suarez v. Newquist, 70 Wn. App. 827, 832-33, 855 P.2d 1200 (1993). This is not such a case. We decline to affirm on this basis.

- 16 -