# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

2017 SEP 18 AM 9: 22

COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED

CARLOS DAVID ROMERO, an ) No. 75875-6-I
unmarried man, and on behalf of )
all others similarly situated, )
)
Appellant, )
)
v. )
)
VERONICA LISITSYN, IVAN LISITSYN, )
KIRILL LISITSYN, in their individual )
capacity and doing business as )
IVANFOX LLC, a Washington )
corporation, and DOE DEFENDANTS ) UNPUBLISHED OPINION
1-20, )
)
Respondents. ) FILED: September 18, 2017
_____ )

VERELLEN, C.J. — When Carlos Romero was locked out of his house for allegedly

abandoning his house during a nonjudicial deed of trust foreclosure, he sued the lender,

the company hired by the lender to inspect, secure, and preserve the house, as well as

"Doe Defendants 1-20." Romero alleged that the Doe defendants included others

responsible for the alleged acts, including changing the locks without his permission.

When Romero learned that Ivanfox LLC was the entity that changed the locks, he chose

not to amend his first lawsuit to allege that Ivanfox was one of the Doe defendants.

Rather, he waited several months until the eve of a summary judgment hearing in the

first lawsuit to file a second lawsuit naming Ivanfox as the defendant, alleging

substantially the same causes of action as the first lawsuit. After the first lawsuit settled

and the King County Superior Court entered a dismissal with prejudice, the court in the second lawsuit granted summary judgment in favor of Ivanfox based on res judicata.

On the existing briefing, we affirm.

## FACTS

When Carlos Romero was unable to make his mortgage payments, the lender began a nonjudicial deed of trust foreclosure.

EverBank acquired Romero's loan and hired LPS Field Services, Inc. to secure, inspect, and preserve Romero's property. When a loan is in default, it is EverBank's common practice to arrange for regular inspections of the property securing the loan. EverBank ordered property inspections from LPS, and LPS conducted the inspections.

On September 17, 2013, based upon a contract with LPS, Ivanfox changed the locks and took photographs of the home.

Romero filed a lawsuit in King County Superior Court against LPS, Regional Trustee Services Corporation, EverBank, Robinson Tait, P.S., and "Doe defendants 1-20." Romero alleged (i) violation of the Deeds of Trust Act, chapter 61.24 RCW; (ii) illegal self-help forcible entry; (iii) constructive eviction; (iv) common law trespass; (v) statutory trespass; (vi) conversion; (vii) intentional infliction of emotional distress; and (viii) violation of the Washington Consumer Protection Act, chapter 19.86 RCW.[1] In his first amended complaint, filed on January 29, 2014, Romero alleged:

> 1.6 The true names and capacities of Does 1 through 20, inclusive, whether individual, corporate, partnership, associate or otherwise, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff alleges, based upon information and belief, that each Defendant is responsible in some manner for the events described herein and is liable to Plaintiff for the damages he has incurred.

---

[1] Clerk's Papers (CP) at 129-35.

2

*Plaintiff will amend this Complaint to show the true names and capacities of the Doe Defendants when the same have been ascertained*

1.7     Plaintiff alleges that at all times mentioned herein, the Defendants, and each of them, were the agents, servants, representatives and/or employees of each of the remaining Defendants and were acting within the course and scope of such agency or employment. The exact terms and conditions of the agency, representation or employment relationships are presently unknown to Plaintiff, but Plaintiff will amend this Complaint when the information is ascertained.[2]

On April 30, 2014, Romero deposed Joseph Iafelice, LPS's corporate representative. At the deposition, Iafelice testified that LPS relied on an independent network of companies with whom it contracts to perform certain work. He testified that Ivanfox was the company which worked on Romero's property to secure it and perform preservation services.

LPS moved for summary judgment in the first suit on February 11, 2015. LPS referred to Ivanfox as the subcontractor responsible for changing the locks, taking photographs of the home's exterior and interior, and preserving the bank's security interest. LPS argued it was not liable because it was not involved in the nonjudicial foreclosure proceedings and it did not enter the home or trespass. Romero opposed the motion, arguing Ivanfox was LPS's agent, therefore, LPS was responsible for the actions of those who physically entered the home, changed the locks, and allegedly stole items and converted the property. Romero specifically identified Ivanfox: "LPS does not deny that its agent, Ivan Fox LLC, secured Plaintiff's home and took dozens of pictures of the interior and the contents of his house."[3]

---

[2] CP at 122-23 (emphasis added).
[3] CP at 177 n.29.

Romero did not move to amend his complaint to clarify that Ivanfox was one of the Doe defendants. On March 16, 2015, three days before oral argument on LPS's motion for summary judgment, Romero filed a separate lawsuit against Ivanfox. The second suit is based on the same underlying facts as the first action. Romero alleged (i) violations of the Deeds of Trust Act; (ii) common law trespass; (iii) statutory trespass; (iv) conversion of trespass to chattels; (v) invasion of privacy; and (vi) violation of Washington's Consumer Protection Act.

At some point in 2015, the parties in the first action settled. The settlement specified "that this release specifically exempts and does not include only those claims already asserted by Plaintiff against IvanFox, LLC, [. . .] in a Complaint filed March 16, 2015."[4]

On October 16, 2015, the King County Superior Court entered an order dismissing the first action with prejudice.

> Plaintiff Carlos David Romero and Defendants EverBank, Federal Savings Association and LPS Field Services, Inc., by and through their respective undersigned counsel of record, hereby stipulate that this action shall be dismissed with prejudice, without an award of costs or fees to any party.[5]

The order did not expressly identify Ivanfox or other Doe defendants.

Ivanfox moved for summary judgment in the second lawsuit, arguing Romero's claims were barred by res judicata and judicial estoppel. The court dismissed the second lawsuit, concluding res judicata barred Romero's claims.

Romero appeals.

---

[4] CP at 248.

[5] CP at 202.

<u>ANALYSIS</u>

Romero contends the trial court erred when it ruled his claims against Ivanfox were barred by res judicata.

Whether an action is barred by res judicata is a question of law, which we review de novo,[6] performing the same inquiry as the trial court.[7]

Res judicata prevents a plaintiff from litigating claims that either were or should have been litigated in a former action.[8] The purpose of the doctrine is to eliminate claim splitting ("duplicitous litigation") but to allow a party to litigate matters not properly included in the first action.[9] "If a matter has been litigated or there has been an opportunity to litigate on the matter in a former action, the party-plaintiff should not be permitted to relitigate the issue."[10] Dismissal on the basis of res judicata is appropriate where the moving party proves a concurrence of identity between the two actions in four respects: (i) persons and parties, (ii) cause of action, (iii) subject matter, and (iv) the quality of the persons for or against whom the claim is made.[11] There must also be a

---

[6] <u>Lynn v. Dep't of Labor & Indus.</u>, 130 Wn. App. 829, 837, 125 P.3d 202 (2005).

[7] <u>Sheikh v. Choe</u>, 156 Wn.2d 441, 447, 128 P.3d 574 (2006) (quoting <u>Jones v. Allstate Ins. Co.</u>, 146 Wn.2d 291, 300, 45 P.3d 1068 (2002)).

[8] <u>Kuhlman v. Thomas</u>, 78 Wn. App. 115, 120, 897 P.2d 365 (1995); <u>Berschauer Phillips Const. Co. v. Mut. of Enumclaw Ins. Co.</u>, 175 Wn. App. 222, 227-28, 308 P.3d 681 (2013).

[9] <u>Kuhlman</u>, 78 Wn. App. at 120.

[10] <u>Schoeman v. New York Life Ins. Co.</u>, 106 Wn.2d 855, 859, 726 P.2d 1 (1986).

[11] <u>Kuhlman</u>, 78 Wn. App. at 120.

final judgment on the merits.[12] Romero does not dispute that the dismissal with prejudice constituted a final judgment.[13]

Romero argues the two suits were not between the same persons or parties and that the quality of persons requirement is not satisfied. If the same parties are named in two lawsuits, the elements of "persons and parties" and "quality" are met.[14]

Romero named those responsible for changing the locks as Doe defendants in the first lawsuit. He did not amend his complaint to specify Ivanfox by name but he was aware of Ivanfox's true identity before the defendants in the first case moved for summary judgment and before he filed his second lawsuit.

In Kuhlman v. Thomas, an employee who had been disciplined and demoted filed separate actions against his employer and several other employees, including Doe defendants.[15] After the first action against his employer was dismissed, the other employees filed a motion for summary judgment to dismiss the second suit, arguing it was barred under res judicata and collateral estoppel.[16] This court concluded the first suit against the employer was "essentially a suit against its employees," therefore, the

---

[12] Karlberg v. Otten, 167 Wn. App. 522, 536, 280 P.3d 1123 (2012).

[13] See Berschauer Phillips, 175 Wn. App. 222, 308 P.3d 681 (2013) (stipulated dismissal with prejudice is a final judgment on the merits for purposes of res judicata).

[14] See Pederson v. Potter, 103 Wn. App. 62, 73-74, 11 P.3d 833 (2000) ("Finally, res judicata requires identity in the quality of persons for or against whom the claim is made. Because the parties are identical, the quality of the persons is also identical."); Rains v. State of Washington, 100 Wn.2d 660, 664-65, 674 P.2d 165 (1983) ("The parties, although somewhat differently named on the complaints, were 'qualitatively' the same.").

[15] 78 Wn. App. 115, 118-120, 897 P.2d 365 (1995).

[16] Id. at 119.

employer in effect acted as their representative.[17] The court also noted:

> Kuhlman's contention that res judicata does not apply against certain "unrepresented" Jane and John Doe defendants is without merit. Defendants' counsel appeared and answered for every defendant named or served, *and the other unnamed defendants were sufficiently identified in the complaint so as to allow the trial court to determine that they were part of the same claim.*[18]

Here, Romero had an opportunity to litigate his claims against Ivanfox in the first suit where Romero alleged a Doe defendant unlawfully changed his locks. At the April 30 deposition, Romero learned Ivanfox was the company that changed the locks. Moreover, Ivanfox was sufficiently identified so as to allow the trial court to determine they were part of the claim because Romero named Ivanfox in his opposition to LPS's motion for summary judgment. Romero had ample opportunity to litigate these claims against Ivanfox in the first action, but chose to wait until three days before the hearing on LPS's motion for summary judgment to file a separate lawsuit. As in Kuhlman, the unnamed defendants were sufficiently identified in the litigation in the first lawsuit to allow the trial court to determine Ivanfox was one of the Doe defendants. These tactics are the type of claim splitting and duplicitous litigation res judicata seeks to avoid.[19] Romero offers no argument or authority regarding fictitious defendants and res judicata.[20] For purposes of res judicata, Ivanfox was a Doe defendant named in the first

---

[17] Id. at 122.

[18] Id. at 125 n.6 (emphasis added).

[19] See Landry v. Luscher, 95 Wn. App. 779, 782, 976 P.2d 1274 (1999) ("A claimant may not split a single cause of action or claim. Such a practice would lead to duplicitous suits and force a defendant to incur the cost and effort of defending multiple suits.").

[20] There appears to be limited authority addressing fictitious parties and res judicata. In *Restatement of Judgments (Second)* § 34 (1982), comment d appears to recognize that "even though the person designated as a party has been identified by an

lawsuit, and the trial court had adequate information to confirm Ivanfox was part of the claims in the first lawsuit. Therefore, both the persons and parties and quality of persons requirements are met.[21] In the absence of any authority or argument from the appellant on this question, we affirm.

Next, Romero argues the causes of action and subject matter in the two suits are not the same.

To determine whether the same causes of action are present, courts look to:

(1) whether the rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the suits involved infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.[22]

---

erroneous or fictitious name," the rule applies that "[a] party is bound by and entitled to the benefits of the rules of res judicata" at least where named and subjected to jurisdiction of the court. Some cases read comment d as rejecting res judicata for a fictitious named person. For example "the mere naming of a person through use of a fictitious name does not make that person a party absent voluntary appearance or proper service of process." Nagle v. Lee, 807 F.2d 435, 440 (5th Cir. 1987). But other cases recognize the opposite. "[A] person joined as a defendant but identified by a fictitious name acquires the status of a party at the time the action is filed, regardless of whether he or she has been served or has appeared in the action. . . . [A] plaintiff who chooses to commence an action against an unknown defendant also assumes the burdens of his or her choice. One of those burdens is the potential bar of res judicata in any subsequent action against the person or persons who are fictitiously named should the plaintiff's claim be determined against him or her." Deaton v. Burney, 107 Ohio App. 3rd 407, 412-13, 669 N.E.2d 1 (1995). And "[o]ne cannot invoke 'John Doe' to avoid res judicata and relitigate claims ad nauseum when in large measure the acts and statements complained of and litigated in [the prior suit] were those of [the present defendants]." Goel v. Heller, 667 F. Supp. 144, 151 (D.N.J. 1987); see also Manning v. South Carolina Dep't of Highway and Public Trans. , 914 F.2d 44, 47-48 (4th Cir.1990).

[21] We need not reach Ivanfox's alternative argument that judicial estoppel precludes Romero from now disputing that Ivanfox was an agent of LPS and therefore was in privity with LPS.

[22] Ensley v. Pitcher, 152 Wn. App. 891, 903, 222 P.3d 99 (2009).

These four factors are not requirements but are analytical tools to aid the court's analysis.[23]

Allowing Romero to relitigate these claims would destroy the finality of the court's dismissal of the first action. The parties also present substantially the same evidence here, that Ivanfox changed the locks on Romero's home and allegedly converted Romero's property, resulting in injury. The two suits also involve infringement of the same right in that they seek redress for the underlying incident that occurred on September 17, 2013. The two suits also arise out of the same transactional nucleus of facts, as pleaded in both complaints.

To determine whether two cases concern the same subject matter, courts look to the facts of both cases.[24] Res judicata prohibits "'relitigation of claims and issues that were litigated, or might have been litigated, in a prior action.'"[25]

The two lawsuits arise out of the same facts and were litigated in the prior action. Therefore, the causes of action and subject matter in both suits are identical.

We conclude there were no issues of material fact to be decided by the trier of fact. Romero's second action against Ivanfox is barred by res judicata.

---

[23] Id.; see Kuhlman, 78 Wn. App. at 122 ("there is no specific test for determining identity of causes of action").

[24] See Rains, 100 Wn.2d at 663 (court held subject matter in successive proceedings was the same when both actions involved an alleged deprivation of constitutional rights); Bordeaux v. Ingersoll Rand Co., 71 Wn.2d 392, 429 P.2d 207 (1967) (court held subject matter was the same when both actions involved the cause of a nosebleed); Norris v. Norris, 95 Wn.2d 124, 622 P.2d 816 (1980) (court held subject matter was the same when both actions involved rights in property allegedly governed by a community property agreement).

[25] Loveridge v. Fred Meyer, 125 Wn.2d 759, 763, 887 P.2d 898 (1995) (quoting Philip A. Trautman, *Claim and Issue Preclusion in Civil Litigation in Washington*, 60 WASH. L. REV. 805, 805 (1985)).

Affirmed.

WE CONCUR: