FILED
4/27/2020
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWALT, INC. ALTERNATIVE LOAN TRUST 2007-OA17 MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2007-OA17; MORTGAGE ELEC-TRONIC REGISTRATION SYSTEMS INC., a foreign (non-Washington) incorporated entity, | No. 81047-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

Respondents,

and

QUALITY LOAN SERVICES OF WASHINGTON, INC., and DOES 1-10,

Defendants,

v.

BRAD L. BILLINGS and JOHNITA D. BILLINGS, husband and wife;

Appellants,

and

all other Occupants,

Plaintiffs.

SMITH, J. — Brad and Johnita Billings (collectively Billings) appeal two

lawsuits concerning Bank of New York Mellon's (Bank) foreclosure on their

Citations and pin cites are based on the Westlaw online version of the cited material.

home. When the Billings defaulted on their loan, the Bank, as holder of the note and deed of trust, was the winning bidder at the trustee's sale. The Bank gave the Billings notice of eviction and subsequently brought an eviction action. The Billings later filed a wrongful foreclosure lawsuit. In that lawsuit, the trial court granted the Bank's motion for summary judgment. We affirmed the trial court's determination. And we concluded that the Billings waived their right to object to the validity of the foreclosure sale and that the Billings' other arguments were without merit.

Subsequently, the Billings brought a second action alleging that the Bank unlawfully and unilaterally modified the loan contract. The trial court in the eviction action granted the Bank's motion for summary judgment. And at the same time, the trial court in the second action granted the Bank's motion to dismiss based on the doctrine of res judicata.

Because res judicata applies to bar the Billings from bringing the second action, the trial court properly granted the Bank's motion to dismiss. Additionally, because the Bank complied with the statutory requirements to evict the Billings, the trial court did not err in granting summary judgment. Therefore, we affirm the trial courts' decisions in the second action and the eviction action.

FACTS

In 2006, the Billings executed a "Monthly Adjustable Rate Payoption Note" for $647,500.00. A deed of trust on the Billings' property located in Puyallup, Washington, secured the note. Mortgage Electronic Registration Systems Inc. (MERS) is the listed beneficiary for the deed of trust. Countrywide Bank, the

2

lender, endorsed the note to Countrywide Home Loans, which then endorsed the note in blank.

In 2011, the Billings stopped making payments and defaulted. On June 15, 2011, MERS assigned the deed of trust to the Bank as trustee. On February 26, 2015, Select Portfolio Servicing Inc. issued a beneficiary declaration attesting that the Bank, as trustee to the securitized trust, was holder of the note on behalf of CWalt Inc. Alternative Loan Trust. And in October 2015, the Bank issued a notice of trustee's sale. At the trustee's sale in February 2016, the Bank was the winning bidder.

The Bank issued a notice to vacate to the Billings, but the Billings remained on the property. On March 17, 2016, the Bank filed an unlawful detainer action (Eviction Action) to evict the Billings. In their response to the Bank's complaint, the Billings alleged, among other things, that the Bank was not the owner or legal holder of the note and deed of trust and that MERS is the actual named beneficiary. In May 2016, the Billings moved for a temporary restraining order (TRO), which the trial court granted on the condition that the Billings file a wrongful foreclosure action within 30 days.

A month later, the Billings filed the wrongful foreclosure action (2016 Action). They brought numerous claims pertaining to the Bank's ability to foreclose on their property. In December 2017, the court granted the Bank's motion for summary judgment in the 2016 Action. In January 2018, the Billings filed a notice of appeal. At the same time, the court in the Eviction Action extended the TRO for the duration of the appeal in the 2016 Action.

In March 2018, we affirmed the trial court's decision in the 2016 Action, concluding that the Billings waived their wrongful foreclosure claim by failing to contest the trustee's sale and that the additional claims that were "exempt from waiver either lack[ed] merit or were not argued on appeal." Billings v. Bank of New York Mellon, No. 77739-4-I, slip op. at 1 (Wash. Ct. App. Mar. 19, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/777394.PDF. The Billings neither sought reconsideration of our decision nor petitioned for review to the Washington Supreme Court. We issued the mandate in May 2018.

In June 2018, the Billings again moved to stay the Eviction Action, while at the same time, they filed another action in superior court (New Action). In July, the Bank opposed the motion to stay the Eviction Action and moved for summary judgment thereon. It also filed a motion to dismiss the New Action. In August 2018, the trial judge in the Eviction Action granted summary judgment for the Bank. On the same day, the trial judge in the New Action granted the Bank's motion to dismiss. The Billings appealed the decisions in both actions and moved for an emergency stay of the Eviction Action, which a commissioner of this court denied in October 2018. The Eviction Action and the New Action were consolidated into this appeal.

## ANALYSIS

### New Action: Res Judicata

The Billings contend that the trial court erred in granting the Bank's motion to dismiss because res judicata does not apply. We disagree.

"Res judicata, or claim preclusion, bars litigation of claims that were

4

brought or might have been brought in a prior proceeding." Weaver v. City of Everett, 194 Wn.2d 464, 473, 450 P.3d 177 (2019) (emphasis omitted) (citing Loveridge v. Fred Meyer, Inc., 125 Wn.2d 759, 763, 887 P.2d 898 (1995)). And "[a] party seeking to apply res judicata must establish four elements as between a prior action and a subsequent challenged action: 'concurrence of identity . . . (1) of subject-matter; (2) of cause of action; (3) of persons and parties; and (4) in the quality of the persons for or against whom the claim is made.'" Weaver, 194 Wn.2d at 480 (alteration in original) (quoting N. Pac. Ry. Co. v. Snohomish County, 101 Wash. 686, 688, 172 P. 878 (1918)).

"We review a trial court's decision[ ] on CR 12(b)(6) . . . de novo." Eugster v. State, 171 Wn.2d 839, 843, 259 P.3d 146 (2011). And "[t]he trial court should grant a CR 12(b)(6) motion to dismiss 'only if it appears beyond a reasonable doubt that no facts exist that would justify recovery.'" Eugster, 171 Wn.2d at 843 (internal quotation marks omitted) (quoting Atchison v. Great W. Malting Co., 161 Wn.2d 372, 376, 166 P.3d 662 (2007)). We also review a determination that res judicata applies de novo. Weaver, 194 Wn.2d at 473.

The Billings first contend that the 2016 Action and the New Action involve distinct causes of action.[1] We disagree.

Consideration of four factors helps a court determine whether there is concurrence of cause of action under the doctrine of res judicata:

> "(1) [w]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in

---

[1] The Billings do not contest that the 2016 Action and the New Action involve concurrence of subject matter or quality of persons.

the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts."

Berschauer Phillips Constr. Co. v. Mut. of Enumclaw Ins. Co., 175 Wn. App. 222, 230, 308 P.3d 681 (2013) (alteration in original) (quoting Kuhlman v. Thomas, 78 Wn. App. 115, 122, 897 P.2d 365 (1995)).

In the 2016 Action, the Billings' claims revolved around the enforceability of the note and the deed of trust and the right of the Bank to foreclose on their property. In particular, the Billings alleged "violations of the deeds of trust act, (DTA), chapter 61.24 RCW, Washington's Consumer Protection Act, (CPA[)], chapter 19.86 RCW, Uniform Commercial Code, Title 62A RCW (UCC), fraud, breach of contract, and wrongful foreclosure." Billings, No. 77739-4-I, slip op. at 2. The trial court granted the Bank's motion for summary judgment. Billings, No. 77739-4-I, slip op. at 1. And we affirmed because "the Billings waived any claims not exempted by" statute when they failed to challenge and enjoin the foreclosure sale. Billings, 77739-4-I, slip op. at 5. Additionally, the Billings did not provide meritorious arguments for their exempted claims, which included "fraud and violation of the CPA." Billings, 77739-4-I, slip op. at 5 n.2. In short, the Billings sought a determination that the foreclosure was illegal or void.

Here, the Billings allege that the essential character of the loan was unilaterally modified and changed to a commercial investment in order to induce payments and manufacture a fraudulent foreclosure. Specifically, the Billings allege that the modification "interject[ed] . . . additional parties and . . . fundamental[ly] change[d] . . . the obligation" and that the modification "was

6

concealed from and not disclosed to Appellants which renders the contract unenforceable." The Billings argue "as a result of the Defendants' unilateral modification, [there] was never any effective or legal transfer of any interest in the Note or [deed of trust] from the original lender to" the Bank. In short, the Billings seek to attack the validity of the Bank's nonjudicial foreclosure on their property on the basis that the Bank unilaterally and fraudulently modified the note and deed of trust.

Considering the factors, the litigation of the New Action would destroy the Bank's right to foreclose on the property. Both lawsuits also involve the infringement of the Billings' rights with regard to their property and the Bank's right to foreclose on it. Additionally, the evidence necessary in both lawsuits is the same, i.e., the note, deed of trust, and any related evidence. In particular, in both lawsuits, the Billings need evidence of the Banks' fraudulent, misleading, or unlawful acts with regard to the loan. And the lawsuits arise out of the same transactional nucleus of facts because both lawsuits concern MERS's, the Banks', and third-parties' actions related to the note and deed of trust. Furthermore, the two causes of action are the same because they are alternate theories by which the Billings seek to prevent the foreclosure on their property. See Kelly-Hansen v. Kelly-Hansen, 87 Wn. App. 320, 331, 941 P.2d 1108 (1997)) ("[A] matter should have been raised and decided earlier if it is merely an alternate theory of recovery, or an alternate remedy."). And the "central issues" in the 2016 Action and the New Action are the same: whether or not the foreclosure on the Billings' property was legal and whether the Bank was entitled

to enforce the foreclosure sale. See Berschauer Phillips Constr. Co., 175 Wn. App. at 230 (holding that because the central issue in both lawsuits were the same, the lawsuits had concurrence of cause of action). Thus, the 2016 Action and the New Action involve the same cause of action, and the New Action should have been litigated in the 2016 action.

The Billings disagree and contend that they did not know of the New Action's cause of action during the 2016 Action. They rely on Steward v. Good[2] for a proposition relating to a purchaser's "knowledge of a claim." However, the Billings quote language from Steward relating to a determination of whether a party is a bona fide purchaser for value. Steward, 51 Wn. App. at 513. Because this case concerns the doctrine of res judicata, the Billings' reliance on Steward is misplaced.

The Billings next contend that there is no concurrence of the parties because MERS was not a defendant in the 2016 Action and is a defendant here. We disagree.

"[C]ourts, as a rule, view different defendants between suits as the same party as long as they are in privity." Kuhlman, 78 Wn. App. at 121. And "[a] nonparty is in privity with a party if that party adequately represented the nonparty's interest in the prior proceeding." Feature Realty, Inc. v. Kirkpatrick & Lockhart Preston Gates Ellis, LLP, 161 Wn.2d 214, 224, 164 P.3d 500 (2007).

Here, MERS and the Bank are in privity. MERS assigned the deed of trust to the Bank as trustee. Thus, MERS is a necessary party to the alleged

---

[2] 51 Wn. App. 509, 754 P.2d 150 (1988).

unilateral modification of the contract into a commercial investment. And the nature of the relationship between MERS and the Bank suggests that the parties were in privity with one another because whether the loan is enforceable turns on the propriety of both MERS's and the Bank's actions. See Kuhlman, 78 Wn. App. at 121-22 (holding that the defendants in distinct lawsuits—the employer and employees—were in privity with one another because of the "nature of the relationship between the defendants" and because the claims alleged depended on the propriety of the employees' actions). Finally, because the Bank in the 2016 Action sought to and in this lawsuit seeks to establish the validity of the note, deed of trust, and the assignment of both by MERS to the Bank, the Bank adequately represented MERS's interest in the 2016 Action. Thus, there is privity between MERS and the Bank, and the lawsuits involve concurrence of parties.

In short, accepting the Billings' allegations as true, the circumstances support the application of res judicata. Because res judicata bars the litigation of the New Action, it appears beyond a reasonable doubt that no facts exist that would justify recovery for the Billings in the New Action. Thus, the trial court did not err when it granted the Bank's motion to dismiss the New Action.

The Billings disagree and contend that res judicata must be affirmatively plead and that because the Bank did not do so, the trial court erred in considering the argument. But under CR 8(c), "[r]es judicata is an affirmative defense that is waived if it is 'not affirmatively pleaded[ or] *asserted with a motion under CR 12(b)*.'" Jumamil v. Lakeside Casino, LLC, 179 Wn. App. 665, 680,

9

319 P.3d 868 (2014) (emphasis added) (quoting Farmers Ins. Co. of Wash. v. Miller, 87 Wn.2d 70, 76, 549 P.2d 9 (1976)). Thus, the Bank properly pleaded the issue of res judicata in its motion to dismiss.

Finally, the Billings contend that the trial court in the New Action "went beyond the face of the pleadings and considered matters outside of the allegations set forth in the Complaint" and that this warrants reversal. But beyond a generalized assertion, the Billings fail to show how the court did so. Thus, we are not persuaded.

Because we conclude that the trial court properly dismissed the New Action on the basis of res judicata, we do not address the parties' contentions regarding issue preclusion.

Eviction Action: Summary Judgment

The Billings contend that the trial court erred when it granted the Bank's motion for summary judgment. We disagree.

Under RCW 61.24.060, "[t]he purchaser at the trustee's sale shall be entitled to possession of the property on the twentieth day following the sale, as against the borrower and grantor under the deed of trust . . . , who were given all of the notices to which they were entitled under this chapter." And "[t]he purchaser shall . . . have a right to the summary proceedings to obtain possession of real property provided in chapter 59.12 RCW." RCW 61.24.060. Under chapter 59.12 RCW, "the purchaser at a deed of trust foreclosure sale [is entitled] to bring an unlawful detainer action to evict the previous owner of the home, provided the sale complied with the statutory foreclosure rules." Fed. Nat'l

Mortg. Ass'n v. Ndiaye, 188 Wn. App. 376, 381, 353 P.3d 644 (2015).

"We review a trial court's decision[ ] on . . . summary judgment motions de novo." Eugster, 171 Wn.2d at 843. And "summary judgment is appropriate where there is 'no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Elcon Constr., Inc. v. E. Wash. Univ., 174 Wn.2d 157, 164, 273 P.3d 965 (2012) (alteration in original) (quoting CR 56(c)). "In reviewing a summary judgment motion, we view facts and inferences in the light most favorable to the nonmoving party." Eugster, 171 Wn.2d at 843. "Once the moving party meets its burden of showing there is no genuine issue of material fact, the nonmoving party must set forth specific facts rebutting the moving party's contentions." Elcon Constr., Inc., 174 Wn.2d at 169.

Here, the Billings do not contend that the Bank failed to comply with the statutory requirements set forth in chapter 61.24 RCW and chapter 59.12 RCW. The Billings point to no issue of fact that is *material* to the determination of whether the Bank complied with the statutory requirements. And "an unlawful detainer action is a 'narrow one, limited to the question of possession and related issues such as restitution of the premises and rent.'" Angelo Prop. Co., LP v. Hafiz, 167 Wn. App. 789, 809, 274 P.3d 1075 (2012) (quoting Munden v. Hazelrigg, 105 Wn.2d 39, 45, 711 P.2d 295 (1985)). The Eviction Action, as an unlawful detainer action, was limited in scope to the issue of the Bank's compliance with the statutory requirements to properly evict the Billings. Because the Billings provide no evidence that the Bank failed to follow such requirements, we conclude that the trial court did not err.

The Billings disagree and contend that because the Eviction Action is "intertwined with the" New Action, it also is "a case of first impression" and there are genuine issues of material fact. However, as discussed above, the issue on summary judgment was whether the Bank complied with the statutory requirements to evict the Billings. And any issues of fact pertaining to the unilateral modification of the loan contract were not material to the trial court's decision to grant summary judgment in favor of the Bank. Therefore, the Billings' contention fails.

We affirm.

_____

WE CONCUR:

_____    _____
Brenner, J                 Appelwick, J.